MILLS *v.* ROBERTSON.

4-6078                                        144 S. W. 2d 731

Opinion delivered October 28, 1940.

G. E. Snuggs, for appellant.
Claude E. Love, for appellee.

HUMPHREYS, J.  Appellees brought suit against appellants in the circuit court of Union county, second division, for unlawful detainer and to recover possession of the west half of the northwest quarter, section 6, township 18 south, range 16 west, in Union county, Arkansas, claiming ownership thereof under a deed from the Federal Land Bank of St. Louis, dated June 24, 1938, alleging that said land formerly belonged to appellants, and that said appellants executed a mortgage thereon to the Federal Land Bank, which had been properly foreclosed and sold under a decree rendered by the Union county chancery court, and a deed thereto properly approved and affirmed by the court; that after the execution of the warranty deed by the Federal Land Bank to appellees, the appellees agreed that appellants might occupy the said property until January 1, 1939, that because the appellants refused to vacate the premises on January 1, 1939, appellees had been unable to rent the said property and had been damaged thereby; that the appellants are guilty of unlawful detainer and have no right, interest, title, equity or claim in and to the land, are paying no rent, have no contract or agreement, and have been notified to vacate the premises, which they refused to do.

The prayer of the complaint is that appellants be adjudged guilty of unlawful detainer and that they be

dispossessed, and that the plaintiffs be placed in possession of the premises, and for all other and further relief to which they may be entitled whether specifically prayed for or not.

The complaint was duly verified and an affidavit of the rental value of the property was also filed showing that the rental value of the place for a two-year period was $60.

Appellants filed an answer denying each and every material allegation of appellees' complaint and stating that they are the owners of said lands and had been such owners for more than thirty years; had been living on said land in actual possession of same, farming same, and paying taxes on said land for more than thirty years, and that they claim said land by right of ownership and in effect prayed for a dismissal of appellees' complaint.

The cause was submitted to the court, sitting as a jury, upon the pleadings and testimony *ore tenus* taken in open court and made the finding that appellees were owners of the land under a warranty deed from the Federal Land Bank of St. Louis, Missouri, dated June 24, 1938; that the evidence was insufficient to find that any rental contract existed between appellees and appellants, and for that reason unlawful detainer did not lie, but that the complaint would be treated as an action in ejectment.

The court found upon the record before him that the Federal Land Bank of St. Louis, Missouri, acquired the title to the land in controversy under a commissioner's deed from L. B. Smith; that the relationship of landlord and tenant did not exist between appellees and appellants, but that the suit would be treated as a suit in ejectment and not as a suit in unlawful detainer and found that appellants had been in actual, notorious, adverse, uninterrupted, hostile and peaceable possession of the land in controversy for approximately thirty years, paying taxes thereon until the foreclosure of the mortgage by the Federal Land Bank, and based upon said findings adjudged appellees the immediate possession of said land and that appellants should surrender to appellees

said tract of land. The court also awarded damages to appellees against appellants in the sum of $30.

Appellants filed a motion for a new trial which is set out in full in appellants' abstract of the pleadings and proceedings before the court alleging thirteen grounds why the judgment should be set aside and a motion for new trial granted. The motion for a new trial was overruled over appellants' exceptions and appellants prayed an appeal and were given ninety days to file a bill of exceptions.

A bill of exceptions was never filed, but appellants contend that upon the face of the record they are entitled to a reversal of the judgment because the court committed reversible error in treating the action as one in ejectment and in holding that appellees had traced their paper title to a common source revealing that their paper title was paramount to appellants' title and right of possession.

The court specifically found that appellees obtained title to the land under a commissioner's deed and this deed was an exhibit in the case, but we do not know what the contents thereof are as it has not been brought into the record and abstracted. The presumption is that it recited the mortgage which had been given by appellants to the Federal Land Bank, their failure to pay the debt it secured and the decree of foreclosure and order of sale of the property to satisfy the debt.

We find the following allegation in the complaint which was sworn to: "That formerly this land belonged to appellants and that they executed a mortgage to the Federal Land Bank, which had been properly foreclosed and the land had been sold by virtue of the decree rendered by the Union chancery court and the deed properly approved and affirmed by the court."

It is true that the answer filed by appellants denied the material allegations of the complaint, but the answer was not sworn to.

If, as a matter of fact, the recitals contained in such deed showed that appellants had mortgaged the property

to the Federal Land Bank and had made default in the payment of the debt, and that in a foreclosure proceeding the land had been ordered sold to pay the debt, it follows that the appellees alleged and proved a title originating in appellants and that appellees' title grew out of appellants' title by reason of the foreclosure. This was a sufficient deraignment of title to a common source which was all that is required as a basis for an ejectment suit or proceeding and appellees would not have to go further back than the common source.

We think the complaint sufficiently deraigned title for the court to treat it as the basis of a suit in ejectment, and if a bill of exceptions had been filed it may have shown that all the allegations of the complaint were sustained by the evidence except the allegation relative to the relationship of landlord and tenant. In upholding the complaint as a suit in ejectment the court may have treated it as amended so as to conform to the evidence; so we see nothing in the point that the court erred in converting the cause of action from that of unlawful detainer to that of a suit in ejectment. As stated before, appellants never filed a bill of exceptions. There is nothing appearing in the record itself to show that appellants excepted to the court so treating the complaint and to show that appellants at any time excepted to the insufficiency of the deraignment of title. It is true that the ruling of the court on both of these questions is set out as grounds in the motion for a new trial as errors committed by the court, but it is not allowable to set out objections or exceptions which were not made in the course of the trial for the first time in a motion for a new trial.

We do not think the face of the record as abstracted shows that the court erred in any respect, and for that reason the judgment is affirmed.