HALEY v. BREWER.

4-9800 249 S. W. 2d 128

Opinion delivered June 2, 1952.

*Rhine & Rhine*, for appellant.

*Howard A. Mayes*, for appellee.

GEORGE ROSE SMITH, J. The appellee brought this suit upon four promissory notes and upon a claim for back salary, all owed by a partnership called Neark Enterprises. The defendant below was Dr. Robert Haley, whom the plaintiff alleged to be a member of the firm. Dr. Haley denied that he was a partner in the business, but he admitted having signed one of the notes and asked judgment by subrogation against Joe Bowen and Ethel Haley, whom he asserted to be the sole partners in the

concern. The circuit court, sitting without a jury, found that Dr. Haley was a partner, entered judgment against him in the amount of $4,017.29, and rejected his claim to subrogation.

Neark Enterprises was engaged in the operation of "pinball" machines and "juke-boxes." Although the partnership agreement of 1947 designated the partners as L. A. Regel, Joe Bowen, and Ethel Haley (Dr. Haley's former wife), there is much evidence to show that it was Dr. Haley who was really a member of the firm, rather than his wife. Bowen testified that he considered Dr. Haley to be a partner. Dr. Haley admits that he employed the appellee as a bookkeeper for the firm. When an effort was made to sell the failing business in 1949 Dr. Haley signed a sales contract which recited that he and Bowen were the sole owners of the business. There is other testimony to show that Dr. Haley was an active partner and carried the business in his wife's name for professional reasons. We conclude that there is ample evidence to support the finding that Dr. Haley was a partner, and as such he is liable for the partnership debts. Ark. Stats. 1947, § 65-115.

A second contention is that part of the appellee's salary claim accrued more than three years before suit was filed and is therefore barred by limitations. The appellee testified, however, that a part payment was made on March 16, 1949, less than three years before she filed suit, and that she applied the payment to the salary account. This she had the right to do, in the absence of any instructions by the debtor, *Bell* v. *Radcliff,* 32 Ark. 645, and the statute ran anew from the date of the payment. *Taylor* v. *White,* 182 Ark. 433, 31 S. W. 2d 745.

Error is also assigned in the court's failure to enter judgment against all three partners instead of against Dr. Haley alone. Except as to the one note which Dr. Haley had signed this relief was not sought below until the motion for a new trial was filed, and the request was then too late. *Mills* v. *Robertson,* 201 Ark. 170, 144 S. W. 2d 731. As to the note signed by Dr. Haley, his answer impleaded Bowen and Ethel Haley and prayed judgment

against them by subrogation on the theory that Dr. Haley executed the note merely as a surety. In a case the other day, involving this same appellant, we held that the surety is not entitled to a judgment of subrogation until he pays the principal debt. *Haley* v. *Brewer, ante,* p. 511, 248 S. W. 2d 890. The same rule applies here, as Dr. Haley is not shown to have paid the judgment against him.

Affirmed.