DUNN *v.* TURNER HARDWARE COMPANY.

Opinion delivered November 26, 1928.

*Henry Stevens*, for appellant.
*McKay & Smith*, for appellee.

KIRBY, J. This appeal is prosecuted from a judgment in the Columbia Circuit Court rendered against appellant upon a supersedeas bond. It was alleged that appellee herein obtained a judgment on the 24th day of July, 1923, in the chancery court against defendants, G. A. Dunn, J. M. Dunn, J. W. Rushing and Joe Joiner, for possession of a brick store building, situated on lot 151, in Magnolia, Arkansas, and for damages in the sum of $1,000; that on August 4, 1923, the defendants, for the purpose of staying proceedings on the judgment, executed an appeal bond, with C. C. Taylor as surety, agreeing to perform the judgment appealed from, in case it should be affirmed or any judgment or order rendered, not exceeding the amount of $1,000, "and all rents and damages to the property during the pendency of the appeal upon which the Turner Hardware Company is kept from possession of said property by reason of the appeal." That the appeal was perfected and the decision of the chancery court affirmed in December, 1924. That plaintiff was deprived of the possession of the property during the pendency of the appeal, upon a supersedeas issued by the clerk of the chancery court upon the filing of the bond, preventing the sheriff from taking possession of the said property and delivering it to plaintiff. That the rental value of the property during the pendency of the appeal until the final determination of the cause in the Supreme Court amounted to $1,350, for which judgment was prayed. A copy of the original judgment and the appeal bond are exhibited with the complaint.

The answer admitted the recovery of the judgment, the appeal therefrom, the execution of the bond, and the supersedeas. Alleged that the $1,000 judgment appealed from had been paid, and denied liability for the payment of rent during the pendency of the appeal, alleging a breach of the bond that released the sureties because of the filing of another suit for possession of the store by appellee before the determination of the cause on appeal. It was alleged that appellee had filed suit for possession on the 5th day of April, 1924, and caused a writ to be

issued and placed in the hands of the sheriff for execution, making it necessary for defendant, Dunn, to execute a bond in the sum of $4,800 in order to retain possession, which he did, and under which he held possession of the property till June 1, 1924, at which time it was delivered to appellee. Denied that he had been in possession of the property or in control of same, under the bond sued on, since the 5th day of April, 1924, when the appeal in the case was still pending and undetermined.

A reply was filed, denying the allegations of the answer and any violation of the terms of the appeal bond by appellee herein, and that defendant was dispossessed by any action of appellee before the disposition of the appeal. There was testimony introduced tending to show the rental value of the property from the execution of the supersedeas bond until its delivery to appellee, and a judgment for the rents rendered against appellants.

Appellants insist that the sureties were released from liability upon the appeal and supersedeas bond for any rents accruing during the pendency of the appeal, because appellee had attempted to procure possession of the property by a written demand and suit brought before the case had been finally determined. It does appear that the appellee demanded possession of the property after the bond was made and before the cause was decided by the Supreme Court, and also brought suit against appellants and had a writ of possession issued on the 5th day of April, 1924, but appellants refused to surrender possession, and gave bond for its retention. Later appellants surrendered possession of the building on June 3, 1924. The appellants, upon signing the supersedeas bond, became liable for all rents and damages to the property during the pendency of the appeal, by which the Turner Hardware Company was kept from possession of the property. Had appellants surrendered the possession to appellee after the appeal was perfected and the supersedeas bond executed, before the determination of the appeal, they could not, of course, have been held liable to the payment of any rent thereafter accruing, and this

without regard to whether the possession was voluntarily surrendered or upon a writ of possession sued out in another case. The answer shows, however, that the possession was never surrendered by appellants until in June, when the building was turned over to and accepted by appellee. The fact that a bond was given by appellants to retain possession in the later suit brought before the determination of the appeal by the Supreme Court, and that the sureties on such bond would also have become liable to the payment of the rents upon judgment against appellants for the possession of the property, could not release the makers and sureties upon the appeal bond from liability to the payment of rent accruing during the pendency of the appeal, until the possession of the property was delivered to the appellee.

Some of the instructions are complained of, but, on the whole, they declare the law correctly, and the testimony objected to as incompetent and having been erroneously admitted was brought out upon cross-examination of the witness by appellants, and the error, if any, was invited, and harmless under the circumstances.

We find no error in the record, and the judgment is affirmed.