## TAYLOR *v.* JOINER.

Opinion delivered January 20, 1930.

*McKay & Smith,* for appellant.

*Coulter & Coulter,* for appellee.

HUMPHREYS, J. This appeal involves the question whether appellant is entitled to recover on his cross-complaint against appellee $534.30, with interest from April 3, 1928. The suit, out of which this question arises on appeal, was brought on June 2, 1927, in the circuit court of Columbia County, by J. K. Reed against appellant and appellee for a balance due of $550 and 8 per cent. interest on a promissory note, executed by them to Reed on July 23, 1925. It developed in the testimony that $534.30 was the net amount appellant paid on the note.

Appellant and appellee filed separate answers, admitting their several and joint liability to J. K. Reed upon the note, but joining issue between themselves as to whether appellant was entitled to recover from appellee, on his cross-complaint, the balance due upon the note to Reed. The gist of the cross-complaint was, that said note was executed to J. K. Reed for money with which to pay a judgment obtained by the Turner Hardware Company on July 24, 1923, against G. A. Dunn, the appellee and others.

Appellee interposed the defense to the cross-complaint of appellant that the money was borrowed from J. K. Reed to pay a judgment of the Turner Hardware Company against G. A. Dunn as principal, and himself

and others as sureties, which judgment was superseded during the pendency of the appeal to the Supreme Court in that case, by an appeal bond signed by G. A. Dunn as principal, appellee, himself, and others as co-sureties.

The pleadings disclosed that appellee had paid about one-half of the face of the note, and interest, to J. K. Reed, so the court required appellant to pay the balance due thereon to the clerk, who paid the same to J. K. Reed; and, on motion of appellee, transferred the cause to the chancery court to try the issue of contribution presented by the pleadings between appellant and appellee. On the trial of that issue in the chancery court, it was found and decreed that appellant and appellee were not co-sureties for the payment of the Turner Hardware Company judgment, and that appellant was not entitled to contribution from appellee for the amount he had paid on the note. Appellant's cross-complaint was accordingly dismissed, and appellee was permitted to recover on the cross-complaint all his costs.

The following facts are undisputed: The Turner Hardware Company recovered judgment in the chancery court of said county in the sum of $1,000 for the wrongful detention of a building occupied by G. A. Dunn against him, J. W. Rushton and appellee on a retaining bond executed by them to hold the possession of the building. An appeal was taken to the Supreme Court, and the judgment superseded by an appeal bond, prepared by appellee and signed by G. A. Dunn, as principal, and M. J. Dunn, J. W. Rushton, appellee and appellant as sureties. The judgment of the lower court was affirmed by the Supreme Court, and a judgment rendered in the Supreme Court upon the supersedeas bond against G. A. Dunn, as principal, and the other signers as sureties. Appellant and appellee then executed a bond to stay the judgment for six months, and when it became due they jointly executed the note sued upon herein to procure money from J. K. Reed with which to pay the judgment, interest and costs due the Turner Hardware Company.

The record reflects a conflict in the testimony in practically all other particulars.

Appellant testified that appellee requested him to sign the supersedeas bond. Appellee denied this, and was corroborated by G. A. Dunn, who testified that he requested appellant to sign it. The trial court specifically found that appellant signed the bond at G. A. Dunn's request, and it cannot be said that the finding of the trial court, in this respect, was contrary to the clear preponderance or weight of the testimony. It is reasonably inferable, however, as a fact, that the bond had been signed by G. A. Dunn and appellee before Dunn took it to appellant, as appellant's name appears last in the body of the bond as well as in the signatures thereto.

This case presents no question of the liability of Taylor and Joiner to Reed, who has been paid his money, and is out of the case. The question is that of the relation of Taylor and Joiner to each other.

It clearly appears that, although Joiner denominated both himself and Taylor as sureties on the appeal bond which they signed, Joiner was, in fact, a principal, in the sense that he was already liable. He became liable originally as a surety, but, at the time of the execution of the supersedeas bond, he was then liable, and his liability had been adjudicated, and Taylor's connection with the transaction did not begin until after Joiner's liability had been adjudicated. Joiner was then interested in an appeal to the Supreme Court, while Taylor was not, and Taylor enabled Joiner to have the adjudication of this liability reviewed on the appeal, and certainly enabled Joiner to delay the enforcement of this adjudged liability in a matter in which Taylor had not previously been concerned. Taylor—and not Joiner—was the surety on the supersedeas bond, although they were both denominated as sureties by Joiner in preparing the bond, because Joiner was under a subsisting liability for the debt superseded, while Taylor was not.

It may be true, as the court found, that Dunn, and not Joiner, requested Taylor to sign the supersedeas bond; but Joiner prepared the bond and signed it, and delivered it to Dunn to obtain the signature of some person who was, in fact, a surety only, and Taylor became that person. This was for the benefit of both Dunn and Joiner, and we think Taylor was not a mere volunteer.

Joiner had the same interest in this bond which he later had in the execution of the note to Reed, who loaned the money with which the judgment in favor of the hardware company was paid. Reed required an indorser on the note, and Taylor became that person, and while, by signing the supersedeas bond, Taylor had become liable for the debt, which was discharged with the proceeds of the note given to Reed, the fact remains that the basis of this liability was Taylor's suretyship for Joiner.

The doctrine of contribution is founded upon principles of equity, and that relief is granted only when the equities are equal, and we think they are not equal as between Joiner and Taylor, for the reasons stated.

In the chapter on Principal and Surety, 32 Cyc. 277, it is said: "Co-sureties are entitled and subject to contribution among themselves. Conversely, the right or liability to contribution does not attach to one who is not a co-surety with a surety. Thus a person who, although appearing to be a surety on an instrument, is in fact the principal, having received a part or all of the sum borrowed, or who has subsequently become the principal by assuming the indebtedness, cannot have contribution from a surety for the debt."

It is argued, in support of the decree appealed from, that it was decided in the case of *Dunn v. Turner Hardware Co.*, 178 Ark. 486, 12 S. W. (2d) 13, that the situations of appellant and appellee were equal. The equities between those parties were not determined in the case cited. The extent of the ruling was that all were liable upon the supersedeas bond to the Turner Hardware Company.

The writer and Mr. Justice McHaney do not agree with, or concur in, the opinion of the majority.

On account of the error indicated, the judgment is reversed, and judgment is directed to be entered here in favor of appellant against appellee for $534.30, with interest at the rate of 6 per cent. per annum from April 3, 1928.