## ORLOVE v. NATIONAL SAVINGS & TRUST CO.

### No. 6968.

United States Court of Appeals for the District of Columbia.

Decided April 25, 1938.

Jacob N. Halper, of Washington, D. C., for appellant.

John D. Fitzgerald, of Washington, D. C., for appellee.

---

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit by the trustee, under a deed of trust securing promissory notes, to recover a deficiency remaining due on the notes after a sale of the security. At the trustee's sale the property was bought in on behalf of the noteholder for $12,500, which, less deductions for taxes, interest and costs, was credited against the amount due on the notes, $17,500. The result was a deficiency of $6,311.20, for which plaintiff has recovered judgment in the District Court. Defendant, guarantor of the notes, complains of the court's action in striking defendant's testimony that the property was worth more than $12,500, and in directing a verdict for plaintiff. Defendant contends that the property was worth over $17,500 and that that amount, instead of $12,500, should be credited on the notes. The District Code, tit. 25, § 207, provides that if the noteholder buys the property at a sale under a deed of trust "he shall be entitled to credit the amount of the purchase money against the debt."

In our opinion defendant's evidence would not have supported a finding that the property was worth $17,500, in the sense that a reasonably willing buyer would have paid that much; or a finding that a sale on a different date, or in different weather, or under different conditions in other respects would have produced a larger bid than $12,500. Although there was only one bid, the sale was held in "perfect" weather, and from eight or nine to "a great many" persons were present. "It is sufficient * * * that the price obtained is certainly not less than might have been expected at a forced sale under ordinary circumstances." Mutual Fire Insurance Co. v. Barker, 17 App.D.C. 205, 217.

Proof that the property was worth $17,500 was not only absent, but immaterial. "We cannot set aside a foreclosure sale on the basis of inadequacy of price alone, unless the inadequacy is such 'as to shock the conscience and of itself suggest fraud or misconduct * * *.'" Jackson v. Fuller, 66 App.D.C. 239, 241, 85 F.2d 816, 818. That case was stronger than this. The obligor, instead of attacking the sale collaterally as in the present case, brought a bill to set it aside, and the bill was dismissed although it alleged that the property was sold for $2,324.13, was assessed for $4,528, and was worth $6,000. Cf. Clark v. Trust Company, 100 U.S. 149, 152, 25 L.Ed. 573. In Anderson v. White, 2 App.D.C. 408, 420, 421, the bill, which was held demurrable, stated that the sale was on an unfavorable day, only two persons bid, and property worth $30,000 to $35,000 was sold for $20,100. This court said: "There is no great inadequacy in price in the sale—certainly not such as to shock the conscience or raise a suspicion of unfairness." A sale for $150 of property worth almost $6,000, as in Better Plan Building & Loan Ass'n v. Holden, 114 N.J. Eq. 537, 169 A. 289, is a different matter.

Defendant's real misfortune is that his land was sold at a time when values were lower than they had been and, perhaps, were likely to be again. Smith v. Black, 115 U.S. 308, 318, 6 S.Ct. 50, 55, 29 L.Ed. 398, involved an attack on a foreclosure sale made during the depression of 1878. The Supreme Court said: "The fact of depression in value is no ground in itself for not upholding a sale under the trust deed, nor is a subsequent rise in value a ground for setting aside the sale. Those who speculate in real estate on credit take the risk of depression in value at the time the credit expires, and those who buy for cash in time of depression are entitled to the benefit of a subsequent rise in value." Richmond Corporation v. Wachovia Bank & Trust Company, 300 U.S. 124, 57 S.Ct. 338, 81 L.Ed. 552, 108 A.L.R. 886, does not take a different view of the common law. It merely sustains a North Carolina statute which has no counterpart here.

Affirmed.