HALEY *v.* BREWER.

4-9786                                          248 S. W. 2d 890

Opinion delivered May 12, 1952.

*Rhine & Rhine,* for appellant.

*Gerald Brown* and *Kirsch & Cathey,* for appellee.

HOLT, J. This is an action on a promissory note. In a complaint filed by appellee, Mid O. Brewer, he alleged, in effect, that Floyd E. Brewer, Addie Brewer, and appellant, Robert J. Haley, as makers, executed their note to him in the amount of $1,400 on November 1, 1948, that said note was due and unpaid and sought judgment for 1,400 with interest and costs.

Service of summons was had on Addie Brewer and appellant, Haley, only, (no service was had on Floyd E. Brewer), and each answered separately admitting the execution of the note in question and that it was due and unpaid, but offered no affirmative defense. Each alleged and claimed to be an accommodation maker for the other and prayed, in effect, that they be permitted to so show, and that their rights of subrogation be established by the trial court. The note was not paid, and none of the makers offered to pay it.

To each of these separate answers, appellee filed a demurrer which the court sustained.

Appellant, Haley, and Addie Brewer elected to stand on their answers, refusing to plead further, and the court entered judgment against both for appellee.

Haley alone appeals. He says: ''The only question before this court is whether an accommodation maker of a promissory note has the right to establish that fact in a case brought by the holder of the note and have his rights adjudicated against the beneficiary of the proceeds of note or the principle maker.''

He admits the execution of the note and that he seeks no affirmative relief against appellee, Mid O. Brewer, but asks ''that this case be remanded with instructions which will allow this appellant to establish his rights as

against his co-makers." In other words, he objects to a judgment against him on the pleadings presented, and on his admitted liability, without also an adjudication by the trial court of his rights of subrogation against his co-maker, Addie Brewer.

The judgment of the court was correct. Regardless of the relation among the three makers of the note here, each was liable to appellee for the full amount of the note. Each was jointly and severally liable and appellee could sue any or all at his option,—Ark. Stats. 1947, § 27-810, § 27-812.

Appellant, as indicated, admitted liability and neither he nor any of his co-makers offered to pay the note during the pendency of the suit or at any time. His attempt to assert a right of subrogation must, therefore, fail for the reason that such right could only be accorded him after the debt or note in question had been paid.

The principles of law announced in *Plunkett* v. *State National Bank,* 90 Ark. 86, 117 S. W. 1079, apply with equal force here: "Defendants could not demand the right of subrogation without having first paid the whole of plaintiff's debt and could not force the latter into a court of equity for the purpose of enforcing the collection of the collateral notes. *Jones* v. *Harris, ante,* p. 51 (90 Ark.), 117 S. W. 1077; 1 Brandt on Suretyship and Guaranty, § 339.

"As no valid defense was stated to the plaintiff's cause of action on the notes, the circuit court was right in rendering judgment thereon," and in *Bank of Fayetteville* v. *Lorwein,* 76 Ark. 245, 88 S. W. 919, this court said:

" 'The right of subrogation cannot be enforced until the whole debt is paid; and until the creditor be wholly satisfied, there ought [to] and can be no interference with his rights or his securities which might, even by bare possibility, prejudice or embarrass him in any way in the collection of the residue of his claim.' "

Appellee prayed for statutory penalty provided in § 27-2149, Ark. Stats. 1947, on the ground that this appeal

was without merit and prosecuted for delay only. The above statute provides: ''Upon affirmance of a judgment, order or decree for the payment of money, the collection of which in whole or in part has been superseded as provided in this chapter, 10 per centum damages on the amount superseded may be awarded, at the discretion of the court, against the appellant, in cases where said appeal was taken for delay.''

On the record here, and in the exercise of that discretion accorded us, we cannot say that appellant was not acting in good faith in superseding the judgment and prosecuting his appeal. Appellee appears secure in his judgment and interest thereon until paid by Haley. His rights do not appear to be prejudiced.

The judgment is affirmed.

Appellee's motion for the imposition of a penalty is denied.