**W. H. COLLINS, Trustee, et al.,**
**Plaintiff,**

v.

**KINGSBERRY HOMES CORPORATION,**
a corporation, Defendant.

**Civ. A. No. 1270.**

United States District Court
N. D. Alabama,
Middle Division.
Sept. 8, 1963.

Levine, Fulford & Gwaltney, Birmingham, Ala., for plaintiffs.

Drayton T. Scott, of Cabaniss & Johnston, Birmingham, Ala., for defendants.

GROOMS, District Judge.

The above styled cause having regularly come on for final hearing and the same having been finally tried by the Court without a jury on August 1 and 2, 1963; and the Court, having considered all of the legally admissible evidence, pleadings, and the written briefs of counsel, and being otherwise fully advised, hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Plaintiff, W. H. Collins, is Trustee for Collins & Company, a partnership composed of the said W. H. Collins and his brother, John Collins, all of whom are citizens of the State of Arkansas. The defendant is a Delaware corporation which does business in Alabama, formerly named Lumber Fabricators, Inc., and now, by virtue of charter amendment changing its name, Kingsberry Homes Corporation. Defendant does not have its principal place of business in Arkansas. The matter in controversy in this cause exceeds, exclusive of interest and costs, the sum of $10,000.00.

2. On June 29, 1956, the Defendant, for a good and valuable consideration, guaranteed payment to Plaintiffs of four promissory notes made by one Hugh H. Humphreys, Jr., in the respective face amounts of $11,200; $12,200; $11,200; and $10,700. Each of said notes recited on its face that it was secured by a mortgage on specified real property in Pulaski County, Arkansas. The guarantee executed by Defendant at the foot of each of said notes was as follows: "We, the undersigned corporation, hereby guarantee payment of this note, provided we are furnished with 30 days notice in writing of any default in payment of same."

3. Each of the aforesaid notes was in fact secured by a mortgage on real property, executed on June 29, 1956, by Hugh H. Humphreys, Jr., to Plaintiff, covering real property situated at Pulaski County, Arkansas. Each of said mortgages contained a "future advances" provision securing "any other indebtedness of whatsoever kind * * * by reason of future advances made hereunder, by purchase or otherwise, to the time of the satisfaction of this mortgage."

4. Hugh H. Humphreys, Jr., defaulted in the payments of his notes aforesaid, and Plaintiff, on March 27, 1957, gave timely notice of such default to Defendant, and Defendant received such timely notice on said date, but failed and refused to pay to Plaintiff anything for or on account of the guaranty provision executed by Defendant at the foot of each of said notes.

5. In 1960, Plaintiff began a proceeding in the Pulaski County (Arkansas) Chancery Court to foreclose the four mortgaged lots respectively securing the notes. Humphreys and Defendant were named as parties defendant. Each was given constructive registered mail notice of the proceeding, and each appeared specially to quash service. The Arkansas Court did in fact quash service as to each of them and proceeded *in rem* to order the sale of the four lots by a Commissioner appointed by that Court. The property was sold at public auction to Plaintiff for the sum of $34,000.00 (for all four lots). This sale was confirmed by

the Arkansas Court on September 29, 1960, the order of confirmation finding "that said sale was conducted in all things according to law and should be confirmed." There was no irregularity, fraud, bad faith, breach of trust or improper procedure in or connected with the foreclosure proceeding, and the price realized on mortgage foreclosure sale was the fair market value of the property at the time the same was sold and bought in by Plaintiff. From the sale proceeds, the Arkansas Court ordered costs paid and the balance applied to advances, interest on the notes to September 29, 1960, and the principal on said notes, thereby leaving a deficiency on said notes in the respective amounts of $7,750.72; $8,704.04; $7,844.03; and $7,442.43, for which deficiency amounts, plus interest and attorneys fees, Plaintiff brings this suit.

6. The body of each note provides: "The makers and endorsers further agree to pay to holder a reasonable attorney's collection fee in an amount not to exceed ten percent of the principal, plus interest due, if this Note is not paid at maturity." The note forms were originally prepared by Plaintiff with the expectation that Defendant would endorse each such note; however, Defendant declined to endorse the notes, but, agreeing to guarantee same, redrafted the notes in the forms here sued upon and executed the guaranty provision appearing at the bottom of each note.

7. The Court finds from the evidence in this case that Defendant at no time made any unconditional tender or offer to pay Plaintiff any specific sum as and for its guaranteed obligation on any of said notes. Plaintiff was compelled to finish the houses and to advance monies beyond the amount evidenced by the notes which Defendant had guaranteed.

8. There is due to Plaintiff by Defendant to the date hereof, the sum of

$41,069.55 [1], principal and interest, by virtue of Defendant's liability on the guaranty provisions of said notes.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and of the subject matter involved in this action. 28 U.S.C. § 1332.

2. The fact of advancements to Humphreys, the principal obligor, beyond the amount guaranteed does not release the Defendant as guarantor in the absence of a specific agreement to that effect. Further, Plaintiff had the right to retain its security as against the Defendant-guarantor until Plaintiff's whole claim was discharged even though the Defendant-guarantor was not liable for the additional sum due from Humphreys, the principal obligor. White River Production Credit Ass'n v. Griffin, 198 Ark. 249, 128 S.W.2d 701 (1939); Choctaw, Inc. v. Great American Insurance Company, 235 Ark. 978, 363 S.W.2d 410 (1963); Holt v. Gregory, 219 Ark. 798, 244 S.W.2d 951 (1952); State National Bank v. Temple Cotton Oil Co., 185 Ark. 1011, 50 S.W.2d 980; Mid-Continent Supply Co. v. Atkins & Potter Drill. Corp., 229 F.2d 68, 57 A.L.R.2d 849 (CA–10, 1956); 24 Am.Jur., Guaranty, § 75 citing Lee v. Butler, 167 Mass. 426, 46 N.E. 52, 57 Am.St.Rep. 466; 24 Am.Jur., Guaranty, § 83, citing Cabrera v. American Colonial Bank, 214 U.S. 224, 29 S.Ct. 623, 53 L.Ed. 974; Kissire v. Plunkett-Jarrell Grocery Co., 103 Ark. 473, 145 S.W. 567 (1912); Richeson v. National Bank of Mena, 96 Ark. 594, 132 S.W. 913 (1910); Plunkett v. State National Bank, 90 Ark. 86, 117 S.W. 1079 (1909); Haley v. Brewer (two cases), 220 Ark. 511 and 637, 248 S.W.2d 890, and 249 S.W.2d 128 (1952); Columbia Finance & Trust Co. v. Kentucky Union Ry. Co., 60 F. 794, 797 (CCA–6, 1894).

3. The burden was on Defendant to prove that the price obtained

---

[1]. Computed on principal of $31,741.22 (the sum of the balances due on the notes as per paragraph 5 above), with interest at 10% per annum after September 28, 1960, through September 6, 1963 (2 years, 11 months, 8 days), for an interest total of $9,328.33.

for the mortgaged property under the aegis of judicial foreclosure in Arkansas did not represent the fair market value of said property at that time. Stewart v. Eaton, 287 Mich. 466, 283 N.W. 651, 120 A.L.R. 1354 (1939); Andover Savings Bank v. Basha, 326 Mass. 725, 96 N.E.2d 700 (1951). Nor was there any proof or allegation of collusion, mistake or other impeaching circumstance to destroy the *prima facie* effect of the *in rem* judgment rendered by the Arkansas Chancery Court. The defendant failed to carry its burden of proof and under the evidence and law, the Court concludes that the mortgaged property was judicially foreclosed in Arkansas as of September 29, 1960, for its fair market value, and that the deficiency established by the decree of the Arkansas Court was in all things done in accordance with law. See Brown v. P'Poole, 25 Tenn.App. 629, 166 S.W.2d 633 (1942); Orlove v. National Savings & Discount Company, 68 App. D.C. 387, 98 F.2d 259 (CA–DC, 1938); McKnight v. U. S., 259 F.2d 540 (CA–9, 1958); McKenna v. Sachse, 226 Md. 595, 171 A.2d 732 (1961); Dean v. Lyde, 233 Ala. 394, 136 So. 857 (1931); Vahey v. Bigelow, 208 Mass. 89, 94 N.E. 249 (1911); Andover Savings Bank v. Basha, 326 Mass. 725, 96 N.E.2d 700 (1951); Stearns v. Carlson, 162 Minn. 469, 203 N.W. 212 (1925); Wells v. Lenox, 108 Ark. 366, 159 S.W. 1099 (1912); Gleason v. Boone, 123 Ark. 523, 185 S.W. 1093 (1916); Bank of Pine Bluff v. Levi, 90 Ark. 166, 167, 118 S.W. 250 (1908); Snider v. Greathouse, 16 Ark. 72, 63 Am. Dec. 54 (1855); Drannek Realty Co. v. Nathan Frank, Inc., 346 Mo. 187, 139 S. W.2d 926 (1940); Owen v. Union Cent. Life Ins. Co., 191 Ark. 1014, 1015, 88 S.W.2d 1002, 1021 (1935); 37 Am.Jur., Mortgages, §§ 783 and 865; and Anno., 120 A.L.R. 1366. Cf. Stewart v. Eaton, supra; and Younghusband v. Ft. Pierce Bank & Trust Co., 100 Fla. 1088, 180 So. 725 (1930).

■ 4. The essential characteristics of a "tender" are an unconditional offer to perform, coupled with a manifested ability to carry out the offer, and pro-duction of the subject matter of the tender. Cook v. Talbert, 216 Ark. 370, 225 S.W.2d 682. Defendant did not make any tender to Plaintiff of any of its guaranteed obligations on said notes.

■ 5. Under Arkansas Law, provisions for attorney's fees are enforceable. Act No. 350 of 1951 (Arkansas Statutes Annotated, § 68–910). However, the guaranty provisions of the notes in question did not bind Defendant-guarantor to pay attorney's fees, and Defendant is not liable for attorney's fees in this case. The attorneys fee of $1,-000.00 allowed by the Arkansas Chancery Court was properly allowed by said Court as an item of costs, and Defendant is not entitled to any credit for said sum allowed to Plaintiff's attorney in the Arkansas foreclosure proceeding.

6. Plaintiff is entitled to a judgment against Defendant under its guaranties of said notes, for principal and interest to the date hereof, in the total amount of $41,069.55.

7. Every finding of fact herein deemed a conclusion of law shall be so considered and is hereby adopted as such.