HOME INSURANCE COMPANY et al v. MORO, Inc., a/k/a MORO CONSTRUCTION COMPANY

5-6033, 5-6034, 5-6035                    485 S.W. 2d 736

Opinion delivered October 23, 1972

*Murphey, Arnold & Blair,* for appellants.

*Hodges, Hodges & Hodges,* for appellee.

GEORGE ROSE SMITH, Justice. The owners of Po-well's Motel (not parties to these appeals) brought three actions against three casualty insurance companies upon policies insuring the motel and an adjacent restaurant building against property damage. The complaints asserted that the plaintiffs' buildings had sustained damage, within the coverage of the policies, by blasting operations conducted by Moro, Inc., in the construction of a highway interchange near the motel. By cross-complaints against Moro the defendant insurance companies attempted to bring Moro into the litigation, asserting a right of subrogation under the policies if the motel owners should recover judgment against the insurers. The trial court sustained Moro's demurrers to the insurance companies' cross-complaints. The insurers elected to stand upon their pleadings and have appealed from the trial court's orders dismissing Moro from the suits. The three appeals have been consolidated here.

The question is whether, upon the pleadings, the insurance companies are entitled to bring Moro into the litigation. The motel owners' complaints, without asserting fault on the part of Moro, simply allege that the defendant insurance companies are liable for the damage to the motel and restaurant buildings. The insurance companies' answers deny liability to the plaintiffs. By cross-complaint, however, the insurance companies assert that any damage to the plaintiffs' buildings was wrongfully caused by Moro and that if the plaintiffs recover judgment against the insurance companies they in turn are entitled to judgment over against Moro. Moro demurred to the cross-complaint.

The trial court was right in sustaining the demurrers. The Civil Code, with respect to cross-complaints

against third persons, provides that when a defendant "has a cause of action" against a person not a party to the action, and affecting the subject matter of the action, the third person may be brought into the case. Ark. Stat. Ann. § 27-1134 (Repl. 1962). Under the law of subrogation the appellants do not yet have a cause of action against Moro, because they have not paid the claims of the motel owners. *Haley* v. *Brewer*, 220 Ark. 511, 248 S.W. 2d 890 (1952). To the contrary, the appellants are denying that they are liable to the motel owners. Hence it is plain that the appellants have not brought themselves within the statutory requirements that they have a cause of action against the third person, Moro.

We may observe, in passing, that Rule 14 of the Federal Rules of Civil Procedure is more liberal than our statute, in that Rule 14 allows a defendant to bring into the litigation a third person "who is or may be liable" to the defendant for all or part of the plaintiff's claim. 28 U.S.C.A., Rule 14. If the more stringent provisions of our Civil Code (adopted in 1868) need relaxation, that is a matter for the legislature to consider, not the courts.

The appellants, in seeking to avoid the language of our statute, argue that in uninsured motorist cases we have permitted the defendant insurance company to maintain a cross-complaint against the uninsured motorist. Three uninsured motorist cases are cited: *Home Ins. Co.* v. *Williams*, 252 Ark. 1012, 482 S.W. 2d 626; *Hartford Acc. & Indem. Co.* v. *Warren*, 246 Ark. 323, 438 S.W. 2d 31 (1969); and *MFA Mut. Ins. Co.* v. *Bradshaw*, 245 Ark. 95, 431 S.W. 2d 252 (1968). Those decisions, however, are readily distinguishable from the case at bar, because: (*a*) The cross-complaint statute, § 27-1134, was not even mentioned in any of the opinions; (*b*) the uninsured motorists apparently did not object, as Moro does, to being brought into the litigation; and (*c*) the insurer's cross-complaint against the uninsured motorist injected no new issue into the case; for the basic question was still whether the plaintiff had been injured by the negligence of an uninsured

motorist. We cannot say that the case at bar is controlled by the foregoing uninsured motorist decisions.

Affirmed.