## CJ BUILDING CORPORATION *v.* TRAC-10

06-483                                        249 S.W.3d 793

Supreme Court of Arkansas
Opinion delivered February 8, 2007

*Aaron Jones*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell*, for appellee.

J IM GUNTER, Justice. This appeal arises from an order of the Hot Spring County Circuit Court entering judgment in favor of appellee, TRAC-10, against appellant, CJ Building Corporation (CJ), in the amount of $9,676.25 in attorneys' fees and costs. On appeal, CJ argues that the circuit court erred in finding that TRAC-10 was the prevailing party under Ark. Code Ann. § 16-22-308 (Repl. 1999), and in awarding attorneys' fees and costs to TRAC-10. We affirm.

CJ entered into a $1.4 million subcontract, dated October 29, 2002, with TRAC-10 to design, engineer, and construct four metal buildings for the Hot Spring County Power Plant ("project"). The scope of CJ's work included design and installation of the heating, ventilation, and air conditioning ("HVAC") systems for the buildings. After CJ completed its work and demobilized from the job site in September 2003, problems developed. TRAC-10 learned that CJ had not paid various suppliers or subcontractors, and the HVAC system in one building did not

work properly. On February 3, 2004, CJ demanded a $56,126.77 retainage being held by TRAC-10, but TRAC-10 refused to pay because of the alleged deficiencies in CJ's work.

On June 18, 2004, CJ filed a complaint against TRAC-10 for foreclosure of a materialman's lien, asserting entitlement to the money owed on the subcontract. In its complaint, CJ named TRAC-10, Hot Spring Power Company, LLC, Hot Spring Power Company, LP, and Tractebel Project Development, Inc. as separate defendants. Specifically, CJ alleged that the Hot Spring Power Company was indebted to CJ in the sum of $63,287 for money owed for labor and materials. CJ commenced the action, claiming a first lien on the project. On July 8, 2004, TRAC-10 filed an answer, praying that CJ's complaint be dismissed and requesting costs and expenses, including attorneys' fees. Pursuant to Ark. Code Ann. § 18-44-118 (Repl. 2003), TRAC-10 filed a mechanic's and materialman's lien bond with the Hot Spring County Circuit Clerk on July 19, 2004, for double the amount of the lien claimed by CJ. In an agreed order entered on July 30, 2004, the circuit court found that, due to the filing of TRAC-10's bond, CJ's materialman's lien claims were discharged. The circuit court further ruled that separate defendants Hot Spring Power Company, LLC, Hot Spring Power Company, LP, and Tractebel Project Development, Inc. were dismissed with prejudice because of the filing of TRAC-10's bond.

A bench trial was held on November 21, 2005. At the close of the evidence, the circuit court made the following ruling from the bench:

> Well, obviously the dispute begins with the retainage amount of $56,126.77. Both sides have fully explained all the various joint exhibits. The court finds and agrees with the defendant's position that the items on the board up there, the cleanup punch list, the National HVAC, the S&S Plumbing and the bond were expenses they incurred in getting the contract to par.
>
> Therefore, those are deducted from the retainage leaving a balance of $13,927.21 that is owed to the plaintiff for which judgment is granted, plus interest and the maximum rate from today's date.
>
> All right, that's the court's judgment.

On December 8, 2005, the circuit court entered an order and ruled that TRAC-10 was contractually entitled to withhold $42,199.56

from the payment due to CJ. The circuit court entered judgment in favor of CJ in the amount of $13,927.21 plus interest.

Both parties filed timely motions for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999), with each claiming to be the prevailing party in the contract action. On December 12, 2005, TRAC-10 submitted a motion for fees and costs on the basis that it was a prevailing party in the litigation. In its motion, TRAC-10 argued that, as a result of the circuit court's rulings, TRAC-10 was the "prevailing party" under Ark. Code Ann. § 16-22-308 and Ark. R. Civ. P. 54 or the "successful party" in Ark. Code Ann. § 18-44-128 (Repl. 2003). TRAC-10, claiming it was the prevailing and successful party at trial, requested $76.25, pursuant to Ark. R. Civ. P. 54, for recoverable costs, and $19,357.50, pursuant to Ark. Code Ann. § 16-22-308 and Ark. Code Ann. § 18-44-128, for attorneys' fees. On December 28, 2005, CJ filed a response, claiming that it was the prevailing party and prayed that the circuit court deny TRAC-10's motion for fees and costs. Also, on December 21, 2005, CJ filed a motion for attorneys' fees, asserting that, pursuant to the circuit court's order on December 8, 2004, it was the prevailing party and requested $10,000 in attorneys' fees.

On February 22, 2006, the circuit court entered an order ruling that TRAC-10 was the prevailing party, denying CJ's motion for attorneys' fees, and granting TRAC-10's motion for fees in part. The circuit court awarded TRAC-10 judgment against CJ for attorneys' fees and costs in the amount of $9,676.25. On March 8, 2006, CJ filed a timely amended notice of appeal. From the February 22, 2006, order, CJ brings its appeal.

For its sole point on appeal, CJ argues that the circuit court abused its discretion by finding that TRAC-10 was the prevailing party. Specifically, CJ contends that, although it did not receive the $63,287 that it requested in its complaint, it nevertheless received $13,927.21 of the retainage. TRAC-10 responds, arguing that the case in controversy presented a breach of contract for which attorneys' fees might be claimed pursuant to Ark. Code Ann. § 16-22-308.

We have said that attorneys' fees are not allowed except where expressly provided for by statute. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). An award of attorneys' fees will not be set aside absent an abuse of discretion by the trial court. *Id.* While the decision to award attorneys' fees and the amount

awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court on the existence of the *Chrisco* factors under a clearly-erroneous standard of review. *Id.*

Arkansas Code Annotated § 16-22-308, which allows a prevailing party to recover reasonable attorneys' fees and costs in a breach-of-contract action, provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

*Id.*[1]

To be the prevailing party under section 16-22-308, the litigant must be granted some relief on the merits of its claim. *BKD, LLP v. Yates*, 367 Ark. 391, 240 S.W.3d 588 (2006) (citing *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001)). Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome. *BKD, supra.* In essence, we must look at the case as a whole to determine whether there was a prevailing party and who that party is. *Id.*

CJ cites *Marcum, supra*, to support its argument that it is the prevailing party. In *Marcum*, there was a landlord and tenant dispute between the property owners, the Wengerts, and the lessee, the college fraternity, Phi Kappa Tau, and its officers, Marcum and Capo. The jury found that (1) the Wengerts were

---

[1] Additionally, CJ claims to be a "successful party" under Ark. Code Ann. § 18-44-128, which allows for the recovery of attorneys' fees and costs in an action to foreclose a materialman's lien. Section 18-44-128 provides:

> When any contractor, subcontractor, or material supplier who has filed a lien, as provided for in this chapter, gives notice thereof to the debtor or owner of property which has been subjected to the lien in writing sent by registered or certified mail, and the claim has not been paid within twenty (20) days from the date of the mailing, and if the contractor, subcontractor, or material supplier is required to sue for the enforcement of his or her claim, the court shall allow the successful party in the action a reasonable attorney's fee in addition to other relief to which he or she may be entitled.

*Id.*

liable for conversion of the fraternity's furniture and for breach of the lease; (2) the officers were not liable individually for any damage to the property; and (3) the fraternity was liable for minimal property damage. The fraternity and its officers moved for attorney's fees as the prevailing parties, but the trial judge found that none of the parties were prevailing parties. On appeal, we reversed and remanded, explaining:

> Clearly, the trial judge decided that no party was the "prevailing party" because they did not recover anywhere close to the amount of damages they were seeking. However, the trial court erred in basing [its] determination of who prevailed on the amount each party recovered under their claims. Instead, under Arkansas law, the prevailing party is determined by who comes out "on top" at the end of the case. This court provided the most recent discussion of the term "prevailing party" in *Burnette v. Perkins & Associates,* 343 Ark. 237, 33 S.W.3d 145 (2000), with regard to its application under Ark. Code Ann. § 16-22-308. While the issue in *Burnette* was whether there is a prevailing party in a case that is dismissed without prejudice before reaching the merits, the language regarding the term "prevailing party" is useful. The *Burnette* court determined that in order to be a "prevailing party," one must prevail on the merits of the lawsuit. . . . Using this language, this court must analyze each cause of action and subsequent award by the jury to determine who was the prevailing party in the case.

*Marcum,* 344 Ark. at 162-63, 40 S.W.3d at 236. We held that PKT Housing Corporation, Marcum, and Capo were the prevailing parties, notwithstanding that the Wengerts were entitled to recover $2,000 in their counterclaim for damages against PKT. *Id.* at 163, 40 S.W.3d at 236.

Further, we have said that a successful defendant in a contract action may be considered a "prevailing party" for the purposes of Ark. Code Ann. § 16-22-308. *See, e.g., Marcum, supra; Dawson v. Temps Plus, Inc.,* 337 Ark. 247, 987 S.W.2d 722 (1999); *Marsh & McLennan of Arkansas v. Herget,* 321 Ark. 180, 900 S.W.2d 195 (1995). However, we have construed "prevailing party" in terms of the entire case and not in terms of particular issues or actions therein. *Perry v. Baptist Health,* 368 Ark. 114, 243 S.W.3d 310 (2006).

With this precedent in mind, we turn to the present case to determine the prevailing party. The dispute began with the retainage amount of $56,126.77. CJ filed its complaint for foreclosure of

the materialman's lien, seeking $63,287 from Hot Spring Power Company, LP. TRAC-10 filed a bond, and in an agreed order dated July 30, 2004, CJ's materialman's lien claims were discharged, and Hot Spring Power Company was dismissed from the lawsuit. After conducting a bench trial, the circuit court "agree[d] with the defendant's position" that TRAC-10 incurred expenses in "getting the contract to par[,]" but the circuit court deducted $42,195.56 from the retainage of $56,126.77 in arriving at the $13,927.21 judgment for CJ. On February 22, 2006, the circuit court ruled that TRAC-10 was the prevailing party and awarded TRAC-10 with $9,676.25 in attorneys' fees and costs.

■ We agree with the circuit court's rulings in its February 22, 2006, order finding that TRAC-10 was the prevailing party under section 16-22-308. We have said that there can be only one prevailing party in an action for the recovery of a money judgment, and the prevailing party is the party whose favor the verdict compels a judgment. *Gill v. Transcriptions, Inc.*, 319 Ark. 485, 892 S.W.2d 258 (1995). We further stated in *Gill* that "[e]ach side may score, but the one with the most points at the end of the contest is the winner, and is entitled to recover his costs." *Gill*, 319 Ark. at 490, 892 S.W.2d at 261. Here, TRAC-10 scored the most points, as it received three-fourths of the money at issue. The amount of $56,126.77 was at stake. CJ received $13,927.21, and TRAC-10 managed a reduction of $42,199.56 from the total amount. Further, CJ did not object to the circuit court's application of TRAC-10's deductions from CJ's balance at the hearing. Considering the case as a whole, as suggested in *Perry, supra*, TRAC-10 came out "on top." *Marcum, supra*. Thus, we conclude that TRAC-10 is the prevailing party under section 16-22-308. Based upon our standard of review, we hold that the circuit did not abuse its discretion in awarding attorneys' fees and costs to TRAC-10. Accordingly, we affirm the circuit court's February 22, 2006, order.

Affirmed.