# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2684

_____

| | | |
|---|---|---|
| Baptist Health, doing business as | * | |
| Baptist Health Medical Center, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Todd P. Smith, M.D., | * | Appeal from the United States |
| | * | District Court for the |
| Defendant/Appellee, | * | Eastern District of Arkansas. |
| | * | |
| v. | * | |
| | * | |
| Robert Casali, M.D.; | * | |
| Central Arkansas Vascular | * | |
| Surgery, P.A., | * | |
| | * | |
| Third Party Defendants/ | * | |
| Appellants, | * | |
| | * | |

_____

Submitted: May 12, 2008
Filed: August 5, 2008

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Dr. Robert Casali and Central Arkansas Vascular Surgery, P.A. (CAVS) appeal: (1) the district court's[1] judgment ordering them to pay contribution to Dr. Todd Smith on the breach of contract judgment and attorney's fees and costs Smith paid to Baptist Health Medical Center ("Baptist Health"); and (2) the attorney's fees awarded to Smith for prevailing in the litigation against them. We affirm.

## I. *Background*

This case returns to our court after a decision on remand from a prior appeal. The pre-remand facts are adequately set forth in our prior opinion. *Baptist Health v. Smith*, 477 F.3d 540 (8th Cir. 2007).[2] In *Baptist Health*, we reversed the prior judgment for Smith on his indemnity claim, concluding that the alleged letter of indemnity did not meet the requirements for an indemnity agreement under Arkansas law, and we remanded the case to the district court for consideration of Dr. Smith's contribution claim. *Id*. at 543–44.

On remand, the district court granted Dr. Smith summary judgment on his contribution claim, noting the general rule that all co-signers of a note must contribute equally in discharging their common obligation and that the parties' status as co-borrowers was established in paragraph 13(g) of the Amended and Restated Promissory Note and Security Agreement, which read: "each of the undersigned

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]We note, however, that our prior opinion in this case mistakenly stated that "[t]he district court entered *summary judgment* in favor of Dr. Smith after concluding Dr. Casali's letter was an indemnity agreement . . . ." *Baptist Health*, 477 F.3d at 542 (emphasis added). In actuality, the district court entered judgment in favor of Dr. Smith after a two-day bench trial. *See Baptist Health v. Smith*, No. 04-1243, slip. op. at 1 (E.D. Ark. Dec. 21, 2005) ("In accordance with the findings of facts and conclusions of law announced from the bench at the conclusion of the trial of this case . . ., judgment is hereby entered in favor of . . . Smith, M.D. and against . . . Casali, M.D. on Dr. Smith's indemnity claim . . .").

debtors is jointly and severally liable for the repayment of the loan . . . ." Because Dr. Casali signed the loan agreement both individually and on behalf of CAVS, the district court ruled that Dr. Casali and CAVS were jointly and severally liable with Dr. Smith for repayment of the loan, and thus it granted Dr. Smith's contribution claim. Because Smith had already repaid the loan to Baptist in the amount of $158,770.93, the court directed CAVS and Dr. Casali to pay Dr. Smith their pro rata share of the $158,770.93 judgment paid by Dr. Smith, plus interest.

Dr. Smith then filed a motion for attorney's fees, seeking $17,321.00 in attorney's fees that he purportedly expended in successfully defending against Dr. Casali's and CAVS's breach of contract claim. The district court ruled that Dr. Smith was the prevailing party, recognized that attorney's fees were not available for contribution, concluded that Dr. Smith was entitled to attorney's fees for his successful defense of the breach of contract claim, and awarded Dr. Smith $12,000 in attorney's fees against CAVS and Dr. Casali.

Additionally, Dr. Smith filed a renewed motion to amend the judgment, seeking to have CAVS and Dr. Casali pay contribution on the $14,505.27 in attorney's fees and costs that Dr. Smith was ordered to pay in Baptist Health's original breach of contract action. The district court granted Dr. Smith's motion and awarded him two-thirds of the $14,505.27 from Dr. Casali and CAVS.

II. *Discussion*
A. *Contribution*

It is undisputed that on October 7, 2002, Dr. Smith and Dr. Casali signed both the "Amended and Restated Income Guarantee/Loan Agreement" and the "Amended and Restated Promissory Note and Security Agreement." Dr. Casali signed both documents individually and on behalf of CAVS. It is further undisputed that both the amended and restated agreements were expressly retroactive to July 1, 2002—the date that Dr. Smith's loan agreement with Baptist Health became effective—and that both

-3-

agreements expressly superseded any prior written agreements. In the amended and restated loan agreement, Dr. Smith, Dr. Casali, and CAVS are collectively referred to as the "Borrower," and the agreement states that "the parties desire[d] to amend and restate" the agreement to add Dr. Casali and CAVS "as parties to the agreement." In the amended and restated note and security agreement, Dr. Smith, Dr. Casali, and CAVS are collectively referred to as the "Debtor," with section 13(g) stating: "Each of the undersigned Debtors is jointly and severally liable for the repayment of the Loan and Secured Party may pursue any lawful remedy against any one or all of the Debtors."

Dr. Smith's, Dr. Casali's, and CAVS's signatures made them jointly and severally liable for the obligations created by the note and loan agreement. *See Haley v. Brewer*, 248 S.W.2d 890, 891 (Ark. 1952) (stating that co-makers of a note are jointly and severally liable for the full amount of the note); *Hendrickson v. Carpenter*, 199 S.W.3d 100, 103 (Ark. App. 2004) ("Co-makers on a note are jointly and severally liable"). When Dr. Smith moved to Texas, a default occurred under the loan agreement and Baptist Health elected to sue Dr. Smith individually for breach of contract, which it was entitled to do. *Haley*, 248 S.W.2d at 891; *see also Biggs v. Davis*, 43 S.W.2d 724, 725 (Ark. 1931) (stating that joint makers of a note are each "bound to the payment of the whole amount thereof, so far as the judgment creditor is concerned, with the right of contribution against the other [joint maker] as between themselves"). After Dr. Smith paid the note in full, however, he was entitled to seek contribution from Dr. Casali and CAVS as they were jointly and severally liable under the loan and security agreements. *Hazel v. Sharum*, 32 S.W.2d 315, 316 (Ark. 1930) (concluding that when one co-signer pays the whole amount of the debt for which all co-signers were jointly liable, he is "entitled to maintain an action for contribution against the other joint makers of the note"); *Hendrickson*, 199 S.W.3d at 103 ("A party is entitled to contribution when he is jointly and severally liable on a note, and subsequently pays the entire obligation").

In defense, Dr. Casali and CAVS contend that the district court erred in awarding Dr. Smith contribution because the equities of the case are not equal. *See Taylor v. Joiner*, 24 S.W.2d 326, 327 (Ark. 1930) ("The doctrine of contribution is founded upon principles of equity, and that relief is granted only when the equities are equal . . ."); *United States Fid. & Guar. Co. v. Aetna Cas. & Sur. Co.*, 418 F.2d 953, 956 (8th Cir. 1969) ("[I]t is settled law in Arkansas, as well as elsewhere, that contribution is founded upon principles of equity and that relief is granted only where the equities are equal"). As contribution is an equitable remedy, we review the district court's imposition of contribution for abuse of discretion. *See Triple Five of Minn., Inc. v. Simon*, 404 F.3d 1088, 1095 (8th Cir. 2005) ("We review the district court's equitable remedies for an abuse of discretion"); *Morgan v. Ark. Gazette*, 897 F.2d 945, 953 (8th Cir. 1990) ("We review the award of equitable relief only for abuse of discretion").

Dr. Casali and CAVS argue that the district court failed to properly consider the equities between the parties because, among other things, Dr. Smith intentionally breached the loan agreement with Baptist Health by voluntarily moving to Texas, and but for Dr. Smith's breach, Dr. Casali and CAVS would not have been liable to Baptist Health. We reject the contention that the court abused its discretion in awarding contribution. Both parties presented their evidence on the equities, and the issue became largely a matter of credibility for the district court. We have no reason to believe that the district court did not consider the equities in determining that contribution should be awarded. *See Morgan*, 897 F.2d at 953 (rejecting appellant's contention that the district court abused its discretion by not properly considering circumstances weighing against equitable relief, stating that "[a]ll of the points urged by the [appellant] were before the court . . . and we have no reason to believe that the court did not consider them . . ."). We likewise find no abuse of discretion in the district court's judgment awarding Dr. Smith contribution from Dr. Casali and CAVS for the attorney's fees and costs that he was ordered to pay to Baptist Health.

B. *Attorney's Fees*

After the district court awarded Dr. Smith contribution from Dr. Casali and CAVS, the district court ordered Dr. Casali and CAVS to pay Dr. Smith $12,000 in attorney's fees for his successful defense of their breach of contract case, ruling that Dr. Smith was the prevailing party on the case as a whole. Dr. Casali and CAVS argue that attorney's fees should not have been awarded to Dr. Smith because looking at the case as a whole, they (Dr. Casali and CAVS) were the prevailing party because they prevailed on Dr. Smith's indemnification claim—which sought a greater amount than the contribution claim—and attorney's fees are not available for contribution actions. "We review fee awards for abuse of discretion, and we review de novo the determination of whether a litigant is a prevailing party." *Salitros v. Chrysler Corp.*, 306 F.3d 562, 576 (8th Cir. 2002).

Arkansas law authorizes an award of attorney's fees to the prevailing party on a contract claim, *see* Ark. Code Ann. § 16-22-308 ("In any civil action to recover [for] . . . breach of contract, . . . the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."), but attorney's fees cannot be awarded on a contribution action. *See Halford v. Southern Capital Corp.*, 650 S.W.2d. 580, 582 (Ark. 1983) (finding court erred in awarding attorney's fees to prevailing party in action for contribution). "Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome." *CJ Bldg. Corp. v. TRAC-10*, 249 S.W.3d 793, 796 (Ark. 2007). "In essence, we must look at the case as a whole to determine whether there was a prevailing party and who that party is." *Id.* "[I]n order to be a 'prevailing party,' one must prevail on the merits of the lawsuit," and "we have construed [the] 'prevailing party' in terms of the entire case and not in terms of particular issues or actions therein." *Id.* at 796–97 (citations omitted). A party that successfully defends against a contract action may be a prevailing party under § 16-22-308. *Id.* at 796. Ultimately, "under Arkansas law, the prevailing party is determined by who comes out 'on top' at the end of the case." *Id.* (quoting *Marcum v. Wengert*, 40 S.W.3d 230, 236 (Ark. 2001)).

In this case, Dr. Smith asserted two claims against Dr. Casali and CAVS—indemnification and contribution—and he prevailed on one of those claims (contribution) while losing on the other. Dr. Casali and CAVS asserted one counterclaim—breach of contract—and Dr. Smith prevailed on that claim. Thus, looking at the case as a whole, Dr. Smith prevailed on two of the three issues between these parties. He, therefore, came out "on top" at the end of the case. Thus, the district court correctly determined that Dr. Smith was the prevailing party below. Further, the record shows that the district court recognized that attorney's fees are not available for contribution. The district court awarded Dr. Smith $12,000 in attorney's fees for successfully defending against the breach of contract counterclaim. It did not abuse its discretion in so doing.

## III. *Conclusion*

Accordingly, the judgment of the district court is affirmed in all respects.

_____