

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV–15–728

| | |
|---|---|
| MOUNTAIN PINE TIMBER, INC.; JOE T. BENTON III; RUSSELL A. BENTON; AND SHEILA SNOWDEN, IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DANNY SNOWDEN, DECEASED<br><br>APPELLANTS<br><br>V.<br><br>BRUCE SMITH AND JAN SMITH<br>APPELLEES | Opinion Delivered: APRIL 6, 2016<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. CV-2010-210-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## LARRY D. VAUGHT, Judge

This appeal follows a Cleburne County Circuit Court's award of attorney's fees, costs, postjudgment interest, and prejudgment interest to Bruce and Jan Smith (the Smiths) in a case involving the conveyance of mineral rights.[1]  On appeal, we consider (1) whether the Smiths were the prevailing party and thus entitled to receive an award of attorney's fees and costs; (2) whether the circuit court's award of attorney's fees was excessive; and (3) whether the circuit court properly awarded the Smiths prejudgment interest from the date of the conveyance. We affirm in part and reverse and remand in part.

Because this appeal arises out of the same circuit-court case as the appeal in CV-15-341, we briefly recite the necessary facts.  In 1987, Mountain Pine Timber, Inc. (MPT),

---

[1] This circuit court's judgment in this mineral-rights case is the subject of the related appeal handed down by this court today; CV-15-341.

sold two tracts of land to the Smiths and claimed to convey all rights to the land to them.[2]

However, upon the Smiths' attempt to sell the mineral rights to the land to a third party in 2008, they learned that MPT had previously conveyed the mineral rights to the land to another corporation they owned. The Smiths sued MPT and its former shareholders—the Bentons and Sheila Snowden, in her capacity as the personal representative for the estate of Danny Snowden (the Estate of Snowden), for breach of warranty of title. There were three central issues raised during the course of this litigation; namely, whether the statute of limitations barred the Smiths' lawsuit, the proper measure of damages, and whether the former shareholders of MPT could be held personally liable. A jury ultimately awarded the Smiths damages in the amount of $250.22 on their breach–of–warranty claim. This figure represents an award of $1 per acre of land conveyed to the Smiths by MPT.

Following the jury trial, the Smiths petitioned the circuit court for attorney's fees, costs, postjudgment interest, and prejudgment interest from the date of the conveyance. After a hearing on the petition, the circuit court awarded the Smiths $165 in costs, $17,500 in attorney's fees, 6 percent prejudgment interest from the date of the conveyance, and 10 percent postjudgment interest. Both the Bentons and the Estate of Snowden timely appealed.

## I.    *Issues on Appeal*

On appeal, the Bentons and the Estate of Snowden contend that the circuit court's award of attorney's fees, costs, and prejudgment interest to the Smiths was improper because

---

[2] MPT was owned by Joe T. Benton III, Russell A. Benton (the Bentons), and Danny Snowden.

SLIP OPINION

the Smiths were not the prevailing party. Additionally, they claim that the circuit court erred in awarding the Smiths prejudgment interest from the date of the conveyance because (1) the award of prejudgment interest was not authorized by law because the damages were not definitely ascertainable, and (2) prejudgment interest, if authorized, was only recoverable from the date of constructive eviction. An additional argument raised solely by the Bentons is that the award was excessive.

## II.        *The Prevailing Party*

A threshold issue in this appeal is whether the Smiths were the prevailing party in this matter. Arkansas Code Annotated section 16-22-308 (Repl. 1999) controls the award of attorney's fees in contract cases and provides that "the prevailing party may be allowed a reasonable attorney fee." "This court has recognized that to be the prevailing party under section 16-22-308, the litigant must be granted some relief on the merits of its claim." *Harrill & Sutter, PLLC v. Kosin*, 2012 Ark. 385, *10, 424 S.W.3d 272, 278 (citing *CJ Bldg. Corp. v. Trac-10*, 368 Ark. 654, 249 S.W.3d 793 (2007)). The prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Id.* Ultimately, the prevailing party is determined by who comes out "on top" at the end of the case. *Id.*

The Smiths sued for breach of warranty of title and prevailed on their claim. However, the parties disputed whether the Smiths' damages were to be calculated from the date of the conveyance or the date of constructive eviction. The Bentons and the Estate of Snowden contend that they conceded a breach of warranty of title prior to trial, that the only issue litigated was the proper measure of damages, and that they prevailed at trial

because they successfully argued that the Smiths' damages were limited to the value of the mineral rights at the time of the conveyance.

We disagree. The parties fiercely contested several issues in this case. The Smiths successfully defended their breach–of–warranty claim against multiple motions to dismiss. Additionally, contrary to their assertion, the Bentons and the Smiths did not admit full liability. Liability was admitted only by MPT. The parties disputed the liability of MPT's former shareholders, and the Smiths successfully held those shareholders liable for breach of warranty of title. Although the Smiths did not receive the full amount of damages they requested, they prevailed on their breach–of–warranty claim against MPT and its former shareholders. We review the circuit court's decision for an abuse of discretion and conclude that the circuit court did not abuse its discretion in determining that the Smiths were the prevailing party in this action.

### III.    *Whether the Award is Excessive*[3]

Arkansas Code Annotated section 16-22-308 authorizes a circuit court to award a reasonable attorney fee. A circuit court's decision to grant or deny attorney's fees, and in what amount, lies within the sound discretion of the court, and the appellate court will not reverse absent a showing of abuse of discretion. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). The factors courts should analyze when deciding an attorney's-fee motion are set forth in *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990):

1.  The experience and ability of the attorney;
2.  The time and labor required to perform the legal service properly;
3.  The amount involved in the case and the results obtained;
4.  The novelty and difficulty of the issues involved;

---

[3] Only the Bentons challenge the reasonableness of the award.

5. The fee customarily charged in the locality for similar legal services;
6. Whether the fee is fixed or contingent;
7. The time limitations imposed on the client or by the circumstances; and
8. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Id.*

The Bentons contend that the circuit court's award of $17,500 in attorney's fees and $165 in costs to the Smiths is excessive in light of the $250.22 judgment in their favor. In assessing the reasonableness of this award, we consider the factors enumerated in *Chrisco*. The Bentons take issue with the disparity between the results obtained and the fee awarded. However, the results obtained are just one factor to consider when awarding attorney's fees. According to the circuit court, this litigation was contentious and presented novel and difficult issues that were litigated well. The circuit court clearly considered the *Chrisco* factors as a whole and determined that the award was appropriate. For these reasons, we conclude that the circuit court did not abuse its discretion in awarding $17,500 in attorney's fees and $165 in costs to the Smiths.

IV. *The Award of Prejudgment Interest*

The Bentons and the Estate of Snowden challenge the circuit court's award of prejudgment interest to the Smiths. On appeal, we address whether prejudgment interest was proper and, if so, when that interest began to accrue.

The Bentons and the Estate of Snowden argue that the circuit court was not authorized to award prejudgment interest. Arkansas law provides that prejudgment interest is intended to be "compensation for recoverable damages wrongfully withheld from the time of the loss until judgment." *Dorsett v. Buffington*, 2013 Ark. 345, *11, 429 S.W.3d

225, 232. An award of prejudgment interest "is only allowable if the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Id.* "Where conflict exists over the validity of the damages sought by the plaintiff and the fact-finder is required to use its discretion to determine the amount of damages, prejudgment interest should not be awarded." *Spann v. Lovett & Co.*, 2012 Ark. App. 107, ★22, 389 S.W.3d 77, 94. Here, the evidence furnished data that made it possible to compute the amount of damages without reliance on opinion or discretion. The value of the mineral rights at the time of the conveyance was $1 per acre. Because the amount of damages were definitely ascertainable, we hold that the circuit court did not err in awarding prejudgment interest.

With this holding, we must also consider whether the circuit court erred in ruling that prejudgment interest was to be calculated from the date of the conveyance. Our law is well settled that in all cases involving breach of the covenants in a deed, including breach of the covenant of warranty, interest should be awarded from the date of the breach. *Dillahunty v. Little Rock & Ft. Smith Ry. Co.*, 59 Ark. 629, 27 S.W. 1002 (1894), see also Lynn Foster and J. Cliff McKinney, II, *Deed Covenants of Title and the Preparation of Deeds: Theory, Law, and Practice in Arkansas*, 34 U. Ark. Little Rock L. Rev. 53, 86 (2011). The breach occurred when the Smiths were constructively evicted from the land, and therefore, we reverse the circuit court's decision to award prejudgment interest from the date of the conveyance and hold that the award of prejudgment interest should be calculated from the date of constructive eviction.

Affirmed in part; reversed and remanded in part.

ABRAMSON and GRUBER, JJ., agree.

*Morgan Law Firm, P.A.*, by: *M. Edward Morgan*, for appellant Sheila Snowden, in her capacity as personal representative of the Estate of Danny H. Snowden, Deceased.

*Wright, Lindsey & Jennings LLP*, by: *Charles T. Coleman*, *Rodney P. Moore*, and *Seth R. Jewell*, for appellants Joe T. Benton III and Russell A. Benton.

*Bowen Law Firm, PLLC*, by: *Martin W. Bowen*; and *Gregory D. Taylor, P.A.*, by: *Gregory D. Taylor*, for appellees.