2012 Ark. 385

**HARRILL & SUTTER, P.L.L.C., Appellant**

v.

**Cynthia KOSIN, Appellee.**

No. 12–51.

Supreme Court of Arkansas.

Oct. 11, 2012.

Lane, Muse, Arman & Pullen, Hot Springs National Park, by: Sherri Arman McDonough, for appellant.

The Farrar Firm, by: Adam Williams and Bryan J. Reis, for appellee.

DONALD L. CORBIN, Justice.

Appellant Harrill & Sutter, P.L.L.C. (Harrill) appeals the orders of the Garland County Circuit Court (1) denying its motion to set aside a judgment pursuant to Ark. R. Civ. P. 60(c)(4) (2012), and (2) awarding attorneys' fees to Appellee Cynthia Kosin on the basis that she was the prevailing party and that such fees were reasonable. As this is a second appeal, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(a)(7) (2012). We affirm in part and reverse and remand in part.

The underlying facts of this case were set forth in *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, 378 S.W.3d 135 (*Harrill I*). Suffice it to say, that at issue in *Harrill I* was the discharge by Kosin of the law firm Harrill & Sutter and what attorneys' fees were owed following that discharge. Kosin had originally retained Harrill in connection with matters related to her late husband's estate. As time progressed, however, Kosin became dissatisfied with Harrill's services and fired the firm. Thereafter, Kosin retained Allison Cornwell and Byron Eiseman of Friday, Eldredge & Clark to represent her. After

Kosin discharged the firm, Harrill filed suit against Kosin for breach of contract and sought an attorney's lien against all sums recovered from the estate on Kosin's behalf.

Cornwell was able to effectuate a settlement with the estate that resulted in an award for Kosin of approximately $550,000. A bench trial was held on Harrill's complaint. The circuit court ruled that Kosin discharged Harrill for cause and that, as a result, Harrill was entitled to a fee based only on quantum-meruit recovery. Kosin then sought an award of attorneys' fees as the prevailing party. Ultimately, this court affirmed the circuit court's ruling that Kosin had discharged Harrill for cause and any fee owed by her to Harrill was based on quantum-meruit recovery, and not the parties' fee agreement. This court therefore affirmed the circuit court's award of $55,775.44 in quantum-meruit recovery. But, this court reversed the circuit court's ruling denying Kosin's request for attorneys' fees pursuant to Ark.Code Ann. § 16–22–308 (Repl. 1999), on the basis that the circuit court had provided no findings in support of its denial of such fees. We remanded the matter for a factual determination by the circuit court regarding the propriety of a fee award.

Upon remand, Kosin filed an amended motion pursuant to section 16–22–308 for payment of attorneys' fees, as the prevailing party. Harrill responded that Kosin was not entitled to attorneys' fees, as she was not the prevailing party and such motion was untimely pursuant to Ark. R. Civ. P. 54(e). A hearing was held on June 14, 2011, regarding Kosin's motion for attorneys' fees. The court heard testimony from Kosin and attorneys Allison Cornwell and Philip Clay.

Cornwell testified that the Friday firm continued to represent Kosin after the estate case settled and initially prepared the pleadings after Harrill sued Kosin on the breach-of-contract claim. Cornwell stated that she initially believed she could settle the Harrill suit for her client before having to involve another attorney. Cornwell explained that once Clay had been brought in on the breach-of-contract action, it was still necessary for the Friday firm to bill Kosin because the attorneys had to meet with Clay to review the voluminous files in the case and to explain tax issues related to the case. Specifically, she stated, "It was very important once ... it was obvious we had to transfer the file, to educate and to provide all the knowledge that we had about the 'for cause' issue and the estate case[,] which was directly relevant to this case[,] to Mr. Clay as soon as possible." Cornwell asserted that she considered the attorneys' fees paid after Clay had been substituted to be related to Kosin's defense and necessary.

Clay testified that Harrill had filed a breach-of-contract claim against Kosin, seeking an award of $225,000, but that Harrill ultimately received only about twenty-five percent of the amount sought and, thus, in his opinion, Kosin was the prevailing party. Clay further stated that one of the central issues at the trial level had been whether Harrill had been discharged for cause, which the circuit found in favor of Kosin. Clay stated that Cornwell provided attorney services prior to his hiring and then in connection with the transfer of the case file to Clay's office. According to Clay, Cornwell's assistance was beneficial to the defense in that it helped him to understand the complexities of the tax issues involved in the underlying estate case. Clay stated that he would not classify Cornwell as co-counsel because that would be ethically improper because they knew Cornwell would be a witness in the case. Finally, Clay stated that if he

were to categorize Cornwell's role it would be as that of a consultant to him.

The circuit court entered an order on August 11, 2011, finding that Kosin was the prevailing party under Arkansas law, as she came out on top on most of the issues before the circuit court and in recovering seventy-five percent of the money in dispute. Thus, the circuit court granted Clay's $36,023.98 fee as a reasonable attorney's fee. Further, the circuit court found Cornwell's fees from August 14, 2008, through October 12, 2009, to be reasonable and related to the defense of the contract action, and thus, awarded Kosin an additional $10,111.25 fee for the hours billed by Cornwell. This appeal followed.

For its first point on appeal, Harrill asserts that the circuit court erred in denying its motion to set aside the January 4, 2010 judgment, pursuant to Rule 60(c)(4). Harrill asserts that it had no knowledge that Cornwell continued as counsel for Kosin once Clay had been substituted as counsel. Thus, according to Harrill, "Had Ms. Cornwell been disclosed to be continuing as counsel for Ms. Kosin, Appellant would have objected to her testimony as a witness at trial. Or if the court had permitted her to testify over objection, the cross examination would have been remarkably different." Harrill appears to premise his fraud argument on a violation of Ark. R. Prof'l Conduct 3.7 by Cornwell that resulted in a "constructive fraud upon the Court."

Kosin counters that the circuit court properly denied Harrill's Rule 60(c)(4) motion as Harrill failed to point to any fraud within Cornwell's testimony. Moreover, Kosin points out that Cornwell refused to give an opinion, of any kind, about whether Harrill was "terminated for cause." Finally, Kosin submits that there was no violation of Rule 3.7 that would have resulted in "constructive fraud" because Cornwell never acted as Kosin's advocate at trial.

A circuit court may set aside a judgment for "misrepresentation or fraud . . . by an adverse party." Ark. R. Civ. P. 60(c)(4) (2012). It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Grand Valley Ridge, LLC v. Metropolitan Nat'l Bank,* 2012 Ark. 121, 388 S.W.3d 24; *New Holland Credit Co. v. Hill,* 362 Ark. 329, 208 S.W.3d 191 (2005).

In order to prove fraud, a plaintiff must prove five elements under Arkansas law: (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. *Jewell v. Fletcher,* 2010 Ark. 195, 377 S.W.3d 176. The party seeking to set aside a judgment on the basis of fraud has the burden of proving fraud by clear, cogent, and convincing evidence, or as our courts have sometimes said, clear, strong, and satisfactory proof. *Id.*

In advancing its argument, Harrill asserts that Cornwell violated Rule 3.7 of the Arkansas Rules of Professional Conduct, which provides as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

Ark. R. Prof'l Conduct 3.7 (2012). Further, Harrell asserts that it was entitled to have the verdict set aside upon remand because it was "[n]ot until the attorney fee hearing of June 14, 2011, did anyone know that although the Friday firm 'withdrew' and Mr. Clay substituted as counsel on the record . . . that Cornwell actually continued as counsel to Kosin along with Mr. Clay, but 'off the record.' " A review of the record, however, completely contradicts Harrill's contention that it had no such knowledge until the June 14 hearing.

Kosin moved for attorneys' fees on December 10, 2009. Attached to that motion was an affidavit of Cornwell and a copy of her billing from August 14, 2008, until November 9, 2009. In fact, the billing record specifically lists the following billing for Cornwell after March 10, 2009, the date of record whereon Clay was substituted as counsel:

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 03/27/2009 | AJC | Reviewed files for meeting; meeting with Bruce and Phil Clay | 2.00 | 650.00 |
| 03/27/2009 | BBT | Conference with Ms. Cornwell and Mr. Clay regarding Sutter lawsuit | 1.00 | 285.00 |
| 05/06/2009 | BME | Telephone conference with Clay; conference with AJC | 1.00 | 325.00 |
| 09/14/2009 | AJC | Reviewed notes for conference call; conference call with Bruce, Phil Clay and Cindy | .50 | 162.50 |
| 09/14/2009 | BBT | Telephone conference with Ms. Cornwell, Mr. Clay and Ms. Kosin | .50 | 142.50 |
| 09/21/2009 | AJC | Phone conf. with Phil Clay; reviewed deposition of Luther Sutter | 3.00 | 975.00 |
| 10/12/2009 | BME | Review deposition; conference with AJC | 3.00 | 975.00 |
| 10/13/2009 | AJC | Reviewed files for meeting; meeting with Byron, Bruce and Phil Clay; continued to prepare for trial | 5.00 | 1,625.00 |
| 10/13/2009 | BBT | Review file in preparation for meeting with Mr. Clay and conference with Mr. Clay, Ms. Cornwell and Mr. Eiseman | 3.00 | 855.00 |
| 10/13/2009 | BME | Conference with Clay, AJC and BBT | 2.25 | 731.25 |
| 10/21/2009 | AJC | Reviewed all files to prepare for testimony; conferred with Bruce | 7.00 | 2,275.00 |
| 10/21/2009 | BBT | Intraoffice conference with Ms. Cornwell regarding Sutter lawsuit | .50 | 142.50 |
| 10/22/2009 | AJC | Complete file review for testimony; drive to Hot Springs; testify; return | 7.00 | 2,275.00 |
| 11/09/2009 | AJC | Phone conf. with Phil Clay; reviewed and revised proposed findings of facts re: was representations regarding my testimony correct | 1.00 | 325.00 |

Clearly, Cornwell's affidavit and billing record put Harrill on notice that she continued to bill Kosin for services performed after Clay was listed as counsel of record. Although such notice came after the actual trial, this affidavit and the billing record were submitted before the court's January 4, 2010 order that Harrill now seeks to

vacate. Once Harrill received the motion for attorneys' fees and saw Cornwell's billing record, he could have moved the circuit court for a new trial. In fact, Harrill moved the court to alter, amend, or set aside the judgment, which was denied, but on different grounds.

██ Pursuant to Rule 60(c)(4), a judgment may be vacated more than ninety days after being filed with the clerk where there was misrepresentation or fraud. Harrill, however, could not argue that he was entitled to vacate the January 4, 2010 verdict, finding that he was discharged for cause and which had been affirmed by this court on appeal, on the basis of fraud that could have been discovered prior to entry of the order. While this court has recognized that a circuit court retains jurisdiction to modify its order under Rule 60(c)(4), even after an affirmance by the appellate court, such cases involved fraud that was discovered after the expiration of the ninety-day limitation. *See Davis v. Davis,* 291 Ark. 473, 725 S.W.2d 845 (1987). Moreover, this court has stated that a party is not entitled to relief under Rule 60(c) if diligence has not been exercised in protecting his or her interests. *New Holland Credit Co.,* 362 Ark. 329, 208 S.W.3d 191; *Jones–Blair Co. v. Hammett,* 326 Ark. 74, 930 S.W.2d 335 (1996). The instant case simply does not fall within the purview of Rule 60(c)(4) and, accordingly, we cannot say the circuit court abused its discretion in denying Harrill's motion pursuant to Rule 60(c)(4).

Although we affirm the circuit court's denial of Harrill's motion under Rule 60(c)(4), we are concerned by his allegation that Cornwell violated Model Rule 3.7 by serving as both an advocate and a witness at trial. We therefore refer this matter to our Committee on Professional Conduct.

We now turn to Harrill's argument on appeal that the circuit court erred in awarding attorneys' fees to Kosin. Harrill argues that the circuit court erred in awarding fees to Kosin, as she was not the prevailing party in the contract action. Alternatively, Harrill argues that even if Kosin had been the prevailing party, the fee award was not reasonable because it included fees for the Friday firm when its attorneys were no longer counsel of record and that some of the fees awarded represent duplicative billing by Clay and the Friday firm. Kosin counters that the circuit court correctly determined that she was the prevailing party and properly awarded her reasonable attorneys' fees.

██ Arkansas Code Annotated section 16–22–308 (Repl.1999) provides as follows:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This court has said that a circuit court is not required to award attorney's fees and, because of the judge's intimate acquaintance with the trial proceedings and the quality of the service rendered by the prevailing party's counsel, the circuit judge has a superior perspective to determine whether to award fees. *Marcum v. Wengert,* 344 Ark. 153, 40 S.W.3d 230 (2001). The decision to award attorney's fees and the amount to award is discretionary and will be reversed only if the appellant can demonstrate that the circuit court abused its considerable discretion. *Id.*

██ As a threshold matter, we must review Harrill's assertion that the

circuit court abused its discretion in finding Kosin to be the "prevailing party." This court has recognized that to be the prevailing party under section 16–22–308, the litigant must be granted some relief on the merits of its claim. *CJ Bldg. Corp. v. TRAC–10*, 368 Ark. 654, 249 S.W.3d 793 (2007). The prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Id.* Ultimately, the prevailing party is determined by who comes out "on top" at the end of the case. *Id.* at 658, 249 S.W.3d at 796 (quoting *Marcum*, 344 Ark. at 162, 40 S.W.3d at 236). In essence, we must look at the case as a whole to determine whether there was a prevailing party and who that party is. *TRAC–10*, 368 Ark. 654, 249 S.W.3d 793.

In finding that Kosin was the prevailing party, the circuit court relied in part on this court's decision in *Marcum*, 344 Ark. 153, 40 S.W.3d 230. In that case, there was a landlord and tenant dispute between the property owners, the Wengerts, and the lessee, the college fraternity, Phi Kappa Tau (PKT), and its officers, Marcum and Capo. The jury found that (1) the Wengerts were liable for conversion of the fraternity's furniture and for breach of the lease; (2) the officers were not liable individually for any damage to the property; and (3) the fraternity was liable for minimal property damage. The fraternity and its officers moved for attorney's fees as the prevailing parties, but the trial court found that none of the parties were prevailing parties. On appeal, we reversed and remanded:

> Clearly, the trial judge decided that no party was the "prevailing party" because they did not recover anywhere close to the amount of damages they

were seeking. However, the trial court erred in basing [its] determination of who prevailed on the amount each party recovered under their claims. Instead, under Arkansas law, the prevailing party is determined by who comes out "on top" at the end of the case. This court provided the most recent discussion of the term "prevailing party" in *Burnette v. ₁₁Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000), with regard to its application under Ark.Code Ann. § 16–22–308. While the issue in *Burnette* was whether there is a prevailing party in a case that is dismissed without prejudice before reaching the merits, the language regarding the term "prevailing party" is useful. The *Burnette* court determined that in order to be a "prevailing party," one must prevail on the merits of the lawsuit.

*Marcum*, 344 Ark. at 162, 40 S.W.3d at 236. In *Marcum*, we ultimately held that PKT Housing Corporation, Marcum, and Capo were the prevailing parties, notwithstanding that the Wengerts were entitled to recover $2,000 in their counterclaim for damages against PKT. *Marcum*, 344 Ark. 153, 40 S.W.3d 230.

■ Here, Harrill sued Kosin for breach of contract and asserted that it was entitled to a fee equal to the thirty-percent recovery that would have resulted from its contingency-fee agreement with Kosin.[1] Kosin successfully defended the breach-of-contract claim, as evidenced by the circuit court's finding that she had discharged Harrill for cause. And, the circuit court limited Harrill's fee award to $55,775.44, under the theory of quantum meruit. Moreover, this court has recognized that a successful defendant in a contract action

---

1. Harrill now tries to argue that it simply sought an award of a fee in excess of $75,000, and that it was error for the circuit court to find that it only recovered twenty-five percent of the money in dispute. But, when Harrill submitted proposed findings of fact to the court on November 6, 2009, it asked for a fee award of $209,459.86.

may be considered a "prevailing party" for the purposes of section 16–22–308. *Perry v. Baptist Health*, 368 Ark. 114, 243 S.W.3d 310 (2006). Accordingly, we cannot say that the circuit court abused its discretion in finding that Kosin was the prevailing party.

Having resolved the issue of who was the prevailing party, we must now turn to Harrill's argument that the award of fees was not reasonable. This court has recognized that in awarding fees, circuit courts apply the following *Chrisco* factors: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

In arguing the fee award was not reasonable, Harrill does not challenge the findings relative to the *Chrisco* factors; rather, it asserts that it was an abuse of discretion to award fees to an attorney who had withdrawn from the case, and it was error to award fees that represented duplicative work by Clay and Cornwell. The circuit court in granting Cornwell's partial fee explained as follows:

> The legal services of FRIDAY ELDREDGE & CLARK, LLP from the dates listed on the billing invoices from August 14, 2008, through October 12, 2009, in the amount of $10,111.25 represented legal services recoverable under A.C.A. § 16–22–308 as being attorney fees incurred in the defense of this cause of action. The Court specifically finds that such fees were reasonable and necessary providing the initial defense in this matter and in the transfer of the file from FRIDAY, ELDREDGE & CLARK, LLP to attorney PHILIP CLAY. The Court finds that the legal services of FRIDAY, ELDREDGE & CLARK, LLP, as itemized on the billing summary, commencing October 13, 2009, through the trial are not properly recoverable under Arkansas Code Annotated § 16–22–308 as such services related to witness preparation and not attorney fees for the defense.

Clearly, the fees awarded to Cornwell from August 14, 2008, through March 10, 2009, can not be challenged by Harrill as duplicative because Clay did not become counsel of record until March 10, 2009. As to the fees from that date through October 12, 2009, they do include fees that represent duplicate billing by attorneys from the Friday firm and Clay. Moreover, while the circuit court exercised its discretion and disallowed some of the fees requested by Cornwell, particularly her request for payment for testifying at trial, the circuit court abused its discretion in awarding fees on the basis that they were "reasonable and necessary providing the initial defense in this matter and in the transfer of the file." The circuit court's fee award to the Friday firm went beyond the attorneys' representation in the "initial defense" as evidenced by the fact that the award included fees billed through October 12, 2009, a date just ten days prior to trial and seven months after Clay had been substituted as counsel. Accordingly, we disagree with the circuit court's reasoning that those fees represented the firm's "initial defense" or were necessarily related to just transferring the file. We therefore reverse and remand on the issue of attorneys' fees.

Affirmed in part; reversed and remanded in part.

HANNAH, C.J., and BAKER, J., concur in part; dissent in part.

HANNAH, C.J., concurring in part; dissenting in part.

I concur in the decision of the majority to affirm the circuit court's denial of the motion to set aside the judgment under Arkansas Rule of Civil Procedure 60(c)(4) (2012) and to affirm the circuit court's finding that Kosin was the prevailing party and entitled to attorneys' fees. However, I respectfully dissent from the holding that there were duplicative fees and from the decision to refer attorney Cornwell to the Committee on Professional Conduct.

The majority holds that Cornwell's fees, from the date attorney Clay became attorney of record through October 12, 2009, "represent duplicative billings." This holding is based on speculation. The circuit court found that Cornwell's billings "from August 14, 2008, through October 12, 2009, in the amount of $10,111.25 represented legal services recoverable under A.C.A. § 16–22–308 as being attorney fees incurred in the defense of this action." The circuit court further "specifically" found "that such fees were reasonable and necessary providing the initial defense in this matter and in the transfer of the file ... to attorney Clay." I find no abuse of discretion. It is error to assume, as the majority apparently has, that the transferring attorney may never bill after a new attorney has become the attorney of record on a case. It may well be in the client's best interest, and at her request, that the transferring attorney continues to work until the client's interests are adequately protected. We do not know the facts in this case. We do know that the new attorney of record, attorney Clay, testified that this case was complex, that it

had gone on for years, and that there were complicated issues on which attorney Cornwell brought him up to speed. The circuit court heard this matter and was in the best position to determine whether fees were necessary or whether they were duplicative. The circuit court found that the fees were necessary and proper.

In the past, this court has referred attorneys to the Committee on Professional Conduct when the "matter implicates a breach of the Model Rules of Professional Conduct." *White v. Priest,* 348 Ark. 135, 148, 73 S.W.3d 572, 581 (2002); *Ligon v. McCullough,* 368 Ark. 598, 599, 247 S.W.3d 868, 869 (2007) (per curiam). "Implicate" means "[t]o show (a person) to be involved in (a crime, misfeasance, etc.)." *Black's Law Dictionary* 622 (9th ed.2009). In this case, the court refers attorney Cornwell to the Committee because it is "concerned" by Harrill's "allegation that Cornwell violated Model Rule 3.7 by serving as both an advocate and a witness at trial." There is a great distinction between a referral based on a finding that a matter implicates the Rules of Professional Conduct and a referral based on a concern expressed by a party.

Further, the circuit court is in the best position to determine whether there has been a violation of Rule 3.7. A violation of Rule 3.7 is not apparent from the record on appeal. Rule 3.7 of the Arkansas Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Cornwell did not appear as an advocate at the trial of this matter; rather she appeared as a witness. The activity at issue occurred before trial. Rule 3.7 does not support the majority's decision to refer. If the majority believes that Rule 3.7 is too narrow, then it should submit the Rule to the Rules Committee rather than refer Cornwell to the Commit-

tee on Professional Conduct on a basis that does not appear in Rule 3.7. Therefore, I concur in part and dissent in part.

BAKER, J., joins this opinion.