
# SUPREME COURT OF ARKANSAS

No. CV–13–185

| | |
|---|---|
| LES MARLOW, BROOKS "CHIP" MEADOWS, CARY MARLOW, CHAD MARLOW, and LEIGH CARSON<br>APPELLANTS | Opinion Delivered   November 14, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CV-08-2078] |
| V. | |
| UNITED SYSTEMS OF ARKANSAS, INC. and GLENN PETKOVSEK<br>APPELLEES | HONORABLE JAMES LEON JOHNSON, JUDGE<br><br><u>AFFIRMED; COURT OF APPEALS OPINION VACATED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellants Les Marlow, Brooks "Chip" Meadows, Cary Marlow, Chad Marlow, and

Leigh Carson appeal an order of the Pulaski County Circuit Court granting appellee Glenn

Petkovsek's motion for attorney's fees and costs.[1] Petkovsek was granted $164,758.90 for his

defense in the lawsuit initiated by appellants. Appellants originally appealed the circuit

court's order to our court of appeals, which affirmed. *See Marlow v. United Sys. of Arkansas,*

*Inc.*, 2013 Ark. App. 100. Appellants then petitioned for review, which this court granted.

When we grant a petition for review, we consider the appeal as though it had originally been

filed in this court. *See Orr v. Hudson*, 2010 Ark. 484, 374 S.W.3d 686. Appellants present

two points on appeal. They first argue that Petkovsek is not a prevailing party because the

---

[1]Appellee United Systems of Arkansas, Inc., also requested fees and costs; however, the order granted fees and costs only to Petkovsek.



breach-of-contract claim was against appellee United Systems of Arkansas, not Petkovsek. Secondly, they argue that the award of attorney's fees should be reversed because attorney's fees and costs are not available to a prevailing party in a wrongful-discharge case. We find no error and affirm.

The pertinent facts are these. In 2008, Les Marlow filed a complaint against Glenn Petkovsek and United Systems of Arkansas, Inc., for breach of contract and breach of the duties of good faith and fair dealing implied within that contract. Additionally, each appellant filed a claim of wrongful termination in violation of public policy against Petkovsek and United Systems. Various counterclaims were filed against appellants, including breach of contract, breach of fiduciary duty, and conversion.

The jury entered verdicts in favor of United Systems on its claims, but awarded zero damages. The jury found that the plaintiffs failed to prove their claims and entered defense verdicts for Petkovsek and United Systems. Subsequently, United Systems and Petkovsek filed a motion for attorney's fees and costs. Upon considering the motion and after holding a hearing on the same, the circuit court found that both were entitled to fees and costs; however, the circuit court ultimately awarded them only to Petkovsek. Appellants now appeal that award.

For their first point on appeal, the appellants assert that the circuit court erred in finding that Petkovsek was a prevailing party because he was "irrelevant" both to the breach-of-contract claim and to the claim of wrongful discharge against public policy. Unfortunately, this is the exact opposite of what they claimed in circuit court. These appellants specifically

named Glenn Petkovsek as a defendant in their complaint and asserted the following:

> Defendant, Glenn Petkovsek, breached the contract USOA had with Mr. Marlow.
>
> . . . .
>
> Defendants' termination of Plaintiff Les Marlow breached the implied covenant of good faith and fair dealing . . . .
>
> . . . .
>
> Defendants breached the written contract . . . .
>
> . . . .
>
> The acts of the Defendants in terminating the Plaintiffs . . . constitute wrongful discharge.
>
> . . . .
>
> The acts of the Defendants ... constitute the tort of outrage . . . .
>
> . . . .
>
> Defendants' conduct proximately caused damage to the Plaintiffs . . . .
>
> . . . .
>
> As a proximate result of Defendants' actions, Plaintiffs have suffered . . . .
>
> . . . .
>
> As a proximate result of Defendants' actions, the Defendants should be assessed punitive damages . . . .

However, once a jury of twelve found these claims had no merit and specifically determined that Petkovsek could not be held individually liable, appellants want to argue that Petkovsek was irrelevant to their claims. More importantly, they want to argue that because he was irrelevant to their claims, the circuit court erred in finding that he was a prevailing party.

We will not reverse the circuit court on this point for two reasons. First, the appellants are limited by the scope and nature of the arguments and objections presented at trial. *See Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, 378 S.W.3d 745. Furthermore, it is well settled in Arkansas that, under the doctrine of invited error, an appellant may not complain of an erroneous action on appeal if he or she induced the action. *See Riley v. State Farm Mut. Auto. Ins. Co.*, 2011 Ark. 256, 381 S.W.3d 840 (citing *Daniels v. Cravens*, 297 Ark.

SLIP OPINION

SLIP OPINION

388, 390, 761 S.W.2d 942, 943 (1988)).[2]

Appellants additionally argue that attorney's fees and costs are not available to a prevailing party in a wrongful-discharge against public-policy case. We disagree.

It is undisputed in the instant case that appellants were at-will employees. This court has held that an at-will employee has a cause of action for wrongful discharge *if* they were fired in violation of well-established public policy of the state. *See Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988). This very cause of action was asserted against the appellees in addition to a claim for breach of contract. Appellees were forced to defend the lawsuit and ultimately prevailed.

In *Sterling*, *supra*, we also determined that this cause of action would sound exclusively in contract.[3] Arkansas Code Annotated section 16-22-308 (Repl. 1999) allows for attorney's fees to be awarded in a breach-of-contract case. Because we have held that when an employee brings a wrongful-discharge action in violation of public policy there is an exclusive contract cause of action, attorneys fees may be properly awarded in this type of case at the circuit court's discretion pursuant to section 16-22-308. The circuit court in the instant case awarded such fees, and no argument is presented that the amount of fees awarded was unreasonable.

---

[2]In light of this precedent, we fail to understand Justice Hart's declaration in her dissent that it is error for the court not to give "due consideration" to this argument.

[3]The dissenting opinions' aversion to this court's holding in *Sterling* is evident; however, that issue is not now before us. We will not ignore the well-established doctrine of stare decisis.

4



For all the above-stated reasons, we affirm the circuit court's award.

Affirmed; Court of Appeals opinion vacated.

BAKER, HART, and HOOFMAN, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** This is a case of first impression, as we have never held that a defendant, or a plaintiff, is entitled to attorney's fees in a cause of action for wrongful discharge if the employee is fired in violation of a well-established public policy of the state. In consideration of this issue, the majority observes that attorney's fees may be awarded in a breach-of-contract case. Ark. Code Ann. § 16-22-308 (Repl. 1999). The majority cites *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), and concludes, without analysis, that because it is a cause of action that sounds in contract, appellees are entitled to attorney's fees.

When an employee's contract of employment is for an indefinite term, either party may terminate the relationship without cause or at will. *Id*. at 245, 743 S.W.2d at 383. An at-will employee has a cause of action for wrongful discharge if he or she is fired in violation of a well-established public policy of the state. *Id*. at 249, 743 S.W.2d at 385. The public-policy exception, however, is a limited exception to the employment-at-will doctrine and is not meant to protect merely private or proprietary interests. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, at 9, 403 S.W.3d 559, 563. A public-policy-discharge action is essentially predicated on the breach of an implied provision that an employer will not discharge an employee for an act done in the public interest. *Sterling Drug*, 294 Ark. at 249, 743 S.W.2d at 385.



Other than with respect to appellant Les Marlow, there is no contract of employment at issue in this case, as it involves claims of wrongful discharge of at-will employees. Rather, this claim is based on an implied contract, or quasi contract. Contracts implied in law, or quasi contracts, are legal fictions, created by the law to do justice, and they do not rest upon the express or implied assent of the parties. *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 536, 708 S.W.2d 67, 69 (1986). Courts of foreign jurisdictions have allowed the recovery of attorney's fees by applying the legal fictions of implied contract and quasi contract, but this has "never been allowed in Arkansas." *See Med. Liab. Mut. Ins. Co. v. Alan Curtis Enter., Inc.*, 373 Ark. 525, 527, 285 S.W.3d 233, 235 (2008). Given that these wrongful-discharge claims are implied-contract actions, appellees are not entitled to attorney's fees. *See, e.g., Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 63, 876 S.W.2d 603, 606 (1994).

Heretofore, Arkansas law in this area has been consistently applied to deny attorney's fees when the cause of action is based on a legal fiction of implied contract or quasi contract. The action for wrongful discharge is based on an implied contract or quasi contract, that is, a legal fiction prohibiting employers from firing employees for acts protected by public policy. We have never awarded attorney's fees under section 16-22-308 when the contract is a legal fiction. Had the General Assembly wanted attorney's fees to be awarded based on legal fictions, it would have amended the statute to so reflect.

Further, the majority also errs in failing to give due consideration to appellants' argument that Petkovsek was not the prevailing party. This court has recognized that the prevailing party is determined by analyzing each cause of action and its subsequent outcome.

SLIP OPINION

*Harrill & Sutter, P.L.L.C. v. Kosin*, 2012 Ark. 385, ___ S.W.3d ___. Ultimately, the prevailing party is determined by who comes out "on top" at the end of the case. *Id.* The proper perspective requires looking at the case as a whole to determine whether there was a prevailing party and who that party is. *Id.*

Here, appellants sued not only for wrongful termination, but also for the tort of outrage. Petkovsek counterclaimed for fraud, breach of fiduciary duty, unjust enrichment, and conversion—all causes of action that did not sound in contract. When one looks at the case as a whole, it was much more of a tort case than a contract action. Attorney's fees are not recoverable in tort cases. *Carter v. Cline*, 2013 Ark. 398, ___ S.W.3d ___. Further, with both of the parties walking away empty-handed, I cannot say that the trial court did not abuse its discretion when it awarded attorney's fees.

BAKER, J., joins in this dissent.

**CLIFF HOOFMAN, Justice, dissenting.** I must respectfully dissent from the majority's decision to affirm the award of attorney's fees to Petkovsek. While this court held in *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), that a cause of action for wrongful discharge sounds in contract, not tort, attorney's fees were not at issue in that case. I disagree that a claim based solely on an implied contract, such as a wrongful-discharge claim, falls within the ambit of Ark. Code Ann. § 16-22-308 (Repl. 1999) in the absence of express language to that effect by the General Assembly. *See Pettus v. McDonald*, 343 Ark. 507, 36 S.W.3d 745 (2001) (stating that an implied-in-law contract is not even a contract at all, but an obligation imposed by law to do justice). Thus, I would reverse the circuit court's



award of fees.

BAKER and HART, JJ., join this dissenting opinion.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*; and
*The Brad Hendricks Law Firm*, by: *Lloyd W. "Tré" Kitchens*, for appellants.

*Newland & Associates, PLLC*, by: *Joel F. Hoover* and *Elizabeth C. Abney*, for appellees.