Cite as 2025 Ark. App. 183

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-330

|  |  |
|---|---|
| JOHN RAY DYE AND BOBBYE JO DYE<br>APPELLANTS<br><br>V.<br><br><br>PRECISION FOUNDATION<br>SPECIALTIES & FLOW RITE<br>DRAINAGE SOLUTIONS, INC.<br>APPELLEE | Opinion Delivered March 19, 2025<br><br>APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. 04CV-17-1591]<br><br>HONORABLE JOHN R. SCOTT,<br>JUDGE<br><br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellants John Ray Dye and Bobbye Jo Dye (collectively the "Dyes") appeal after the Benton County Circuit Court filed an order denying the Dyes' motion for new trial in favor of appellee, Precision Foundation Specialties & Flow Rite Drainage Solution, Inc. ("PFS"). On appeal, the Dyes argue that the circuit court erred in denying their motion for new trial. We disagree and affirm.

I. *First Appeal*

This is the second time these parties have been before us. *See Dye v. Precision Found. Specialties & Flow Rite Drainage Sols., Inc.*, 2022 Ark. App. 220, 646 S.W.3d 168 (*Dye I*). In *Dye I*, we gave a detailed explanation of the parties' dispute, some of which bears repeating herein for context. The Dyes own a residence in Pea Ridge, Arkansas. The two-story

residence was constructed over thirty years ago. The floors in some areas of the residence were uneven or sagging. The Dyes contracted with PFS to inspect and repair the floors. The contract provided in pertinent part that the total sum of the project was $7,500 with $3,750 to be paid at the contract signing and the balance of $3,750 to be paid in full upon completion.

The Dyes paid $3,750 to PFS when they entered into the contract. The work commenced a few weeks later, and PFS submitted an invoice on December 20, 2016, stating that the work was complete and that payment was due upon receipt in accordance with the payment provision in the contract. Mr. Dye was dissatisfied with the work and responded to the request for payment via email and requested further documentation, including photographs of the repair work. On December 21, 2016, PFS sent Mr. Dye photographs of the repairs as requested. The parties engaged in further email communications regarding final payment; however, the Dyes never paid the balance of the invoice. PFS filed a mechanic's and materialmen's lien and subsequently filed a complaint for breach of contract and to foreclose the lien in the amount of $3,750. The Dyes filed a counterclaim for damages for breach of contract.

The case proceeded to a two-day jury trial on October 29–30, 2018. During the trial, PFS presented witnesses to prove its breach-of-contract claim. During PFS's case in chief, Justin Hall testified as PFS's expert witness. Mr. Hall testified that he is a structural engineer and explained that he designs and inspects home foundations for deficiencies, sagging floors, cracking walls, and foundation movement. Mr. Hall said that he obtained an engineering

degree from the University of Arkansas and obtained a professional engineer license five years later. He had been working on his own for seventeen years. Mr. Hall acknowledged his resume and that he also holds professional engineer licenses in Oklahoma, Texas, Missouri, and Mississippi. Mr. Hall stated that the work done on the Dyes' residence was a common repair scheme. After inspecting the work done, Mr. Hall opined that the work done was up to code, followed the contract, and was sufficient to provide stabilization to the foundation of that residence.

The Dyes countered Mr. Hall's expert testimony with an expert of their own. The Dyes' expert, James W. Gore, testified that he is a civil engineer with specialties in geotechnical and structural engineering. Mr. Gore explained that he had visited the Dyes' residence on three separate occasions and opined that the work done by PFS was deficient and further explained his findings.

Ultimately, the jury returned a verdict in favor of PFS and awarded damages in the amount of $3,750. In *Dye I*, we affirmed the judgment in favor of PFS, but we reversed and remanded for the circuit court to determine and award PFS attorney's fees and costs pursuant to the terms of the parties' contract.

On remand, the circuit court awarded PFS $24,000 for attorney's fees and expenses in accordance with our mandate in *Dye I*. Neither party appealed from this order.

II. *The Present Appeal*

Relevant to the pertinent issues in this appeal, on October 11, 2022, the Dyes filed a motion for new trial pursuant to Arkansas Rule of Civil Procedure 60(c)(1). The Dyes

3

generally alleged that Justin Hall, PFS's expert witness, was not honest in his resume or testimony at trial, and because he was not honest, the Dyes should be granted a new trial.

The Dyes specifically alleged the following:

[The Dyes] demand a new trial on all issues so triable. ARCP 60(c)(1). Particularly, [PFS]'s "expert" engineer had his credentials REVOKED during the pendency of the appeal. EXHIBIT 1, at 9 (dated June 8, 2021). Had the jury known that [PFS]'s "expert" was not, in fact, competent in structural engineering and forensic engineering (id. at 6 ¶ 21), the case would reasonably have resulted in a victory for the [Dyes] (being the only party with a qualified and competent structural engineer). . . . [The Dyes] could not have reasonably brought this motion earlier than now.

Approximately, three years after the jury trial in this matter, the Arkansas State Board of Licensure for Professional Engineers and Professional Surveyors entered an order stating: "Justin W. Hall's license as a professional engineer and Hall Engineering, LTD's certificate of authorization are REVOKED" for multiple violations described in the order. One of those violations was premised on the fact that "Hall advertised himself as a structural engineer and specialist in forensic engineering," but "Hall's competency lies in mechanical engineering." A second violation was premised on the fact that Hall performed work in the "fields of structural engineering, civil engineering, and electrical engineering, all of which are beyond the scope of Hall's competency." The Dyes argued that because Mr. Hall's resume and trial testimony were inaccurate regarding his experience and expertise in engineering, they were prejudiced and are entitled to a new trial.

PFS filed a response to the motion for new trial on October 17, 2022. It argued that the time to demand a new trial pursuant to Rule 60(c)(1) had expired. They further asked that any motion be denied for the following additional reasons:

4

[E]ven if the [Dyes] could argue that for some reason their prayer is timely, the relief they request would turn the law on its head. The [Dyes] were engaged in a lengthy lawsuit with [PFS] in which they were aware for most of that time that Justin Hall was the named expert for [PFS]. Mr. Hall was never deposed, no questions were ever asked about his qualifications to testify, in short there was no meaningful inquiry into his fitness as an expert. At the time of the trial Mr. Hall was qualified as an expert witness, and no proof was submitted either to the Court or to the jury to suggest that he was not qualified to offer opinion. The [Dyes] now, four years after the original trial, wish to ask this Court to consider evidence that might suggest that Mr. Hall was potentially not qualified in 2018 to offer testimony, and ignore the lack of attempted discovery into the matter in 2017 and 2018. The policy that this attempt would reflect if it were to be successful would be to leave open every judgment for review forever upon the discovery of new evidence. The clear language of ARCP 60(c)(1) expressly prohibits that.

A hearing on the motion was held on February 9, 2023. The Dyes' entire argument to the court on the motion for new trial was as follows:

The sole issue for today is the issue of Motion for a New Trial, overall. At issue is [PFS] sponsoring a[n] expert witness, who was described by the Court as a civil engineer, at record 518; described as a structural engineer, at record 551; and who testified that he's a structural engineer, at 632.

In fact, he was none of these things. During the appeal [*Dye I*], Mr. Hall's expert cred ~ or his – his engineering certificate was revoked by Arkansas, because he had been falsely stating that he has professional seals in the fields of structural engineering, civil engineering, and electrical engineering, all of which are beyond the scopes of Hall's competency.

That's from the Exhibit 1 attached to the motion for a new trial. This is a fraud upon the Court, which is grounds for relief from judgment under 60(c)(4). Also, this is all new evidence under 60(c)(1), either of which ground entitles us to a new trial.

The circuit court asked if the Dyes had anything else to present, and they responded that they had nothing else. PFS reiterated that any request pursuant to Rule 60(c)(1) was procedurally barred. PFS further reiterated that despite Mr. Hall's being designated as an

5

expert for months before trial, the Dyes did not depose him, issue any subpoenas for his report, or conduct any other inquiry through discovery. It maintained that "the credibility of Justin Hall is something that could have been inquired into" and was not. PFS further offered that it believed Mr. Hall had since been relicensed to do "what he does."

Thereafter, the circuit court orally announced that it was denying the motion for new trial and asked PFS's counsel to prepare the order. The Dyes then stated, "As to 60(c)(4), this is a fraud upon the Court. This was a battle of the experts case where one of the experts was not, in fact, an expert." The circuit court repeated that the motion was denied and asked if there were any questions regarding its ruling. The Dyes asked whether the circuit court was denying its motion for new trial under Rule 60(c)(4) in addition to Rule 60(c)(1). The circuit court agreed that it was denied under both subdivisions of the rule. A written order denying the motion for new trial was filed on April 12, 2023, without any further findings. This appeal followed.

### III. *Standard of Review*

It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Harrill & Sutter, P.L.L.C. v. Kosin*, 2012 Ark. 385, 424 S.W.3d 272.

### IV. *Motion for New Trial*

The Dyes filed a motion for new trial pursuant to Rule 60(c)(1). Specifically, the Dyes demanded "a new trial on all issues so triable. ARCP 60(c)(1)" and argued, "Had the jury

known that [PFS]'s 'expert' was not, in fact, competent in structural engineering and forensic engineering, the case would reasonably have resulted in a victory for the [Dyes]."

After ninety days have elapsed from the entry of judgment, the circuit court's control is limited by Rule 60(c). *Phillips v. DeLage Landen Fin. Servs.*, 2019 Ark. App. 44, 571 S.W.3d 512. The Dyes filed their motion for new trial under Rule 60(c), arguing newly discovered evidence; however, at the hearing on the motion, the Dyes expanded their argument to include a new trial for fraud under Rule 60(c)(4). A circuit court may set aside a judgment for "misrepresentation or fraud . . . by an adverse party." Ark. R. Civ. P. 60(c)(4).

In *Harrill & Sutter, P.L.L.C.*, *supra*, the supreme court held that case did not fall within the purview of Rule 60(c)(4) and, accordingly, held that the circuit court did not abuse its discretion in denying Harrill's motion pursuant to Rule 60(c)(4). In doing so, the supreme court explained the necessary elements to prove fraud as contemplated under Rule 60(c)(4). In order to prove fraud under Arkansas law, a plaintiff must prove five elements: (1) that the defendant made a false representation of material fact; (2) that the defendant knew the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. *Harrill & Sutter, P.L.L.C.*, *supra*. The party seeking to set aside a judgment on the basis of fraud has the burden of proving fraud by clear, cogent, and convincing evidence or, as our courts have sometimes said, clear, strong, and satisfactory proof. *Id.* A

7

party is not entitled to relief under Rule 60(c) if diligence has not been exercised in protecting his or her interests. *Phillips*, *supra*.

Although the Dyes made conclusory statements for the first time at the hearing on the motion for new trial that there was fraud under Rule 60(c)(4), they did not argue, much less offer evidence of proof, as to all five elements as required under the rule. We have held that conclusory assertions and general statements do not rise to the level of developed argument to preserve an issue for appellate review. *See Jade Prop. Holdings, LLC v. First Serv. Bank*, 2024 Ark. App. 414, 699 S.W.3d 136. The Dyes attempt to address each of the elements for the first time on appeal and argue that each element is satisfied, but this comes too late. *See U.S. Currency in the Amount of $31,418.00 v. State*, 2017 Ark. App. 379, 526 S.W.3d 34 (holding that we will not address an issue that is fully developed for the first time on appeal). Thus, because the Dyes failed to develop their arguments below, they are now procedurally barred. Accordingly, we must affirm.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellants.

*The Law Offices of Watson and Watson, PLLC*, by: *Tim Watson, Jr.*, for appellee.