Cite as 2026 Ark. App. 134

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-118

| | |
|---|---|
| | **Opinion Delivered** February 25, 2026 |
| JAMES HUMPHREY | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| V. | [NO. 60CV-23-8970] |
| | |
| NORTH LITTLE ROCK CITY COUNCIL | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant James Humphrey appeals after the Pulaski County Circuit Court dismissed his complaint with prejudice in favor of appellee North Little Rock City Council (the City). On appeal, appellant contends that the circuit court erred in dismissing his complaint with prejudice. We affirm.

I. *Relevant Facts*

On November 27, 2023, appellant filed his complaint, which generally appeared to involve his request that the City extend a sewer line to his property at 6601 Holt Road, North Little Rock, Arkansas, in order to comply with City Ordinance # 5596. Appellant also requested an itemized estimate of what extending such service would cost and alleged that the last such estimate was given to him on January 8, 2015. Appellant attached several documents to his complaint including letters, estimates, meeting minutes, and other

documents showing that appellant's initial request had dated back to at least 2015. Appellant further included his own typed and handwritten notes and responses to information contained in the documents. On one of those pages, appellant specifically noted the following: "1/13/15 James Humphrey Sr. attended to request that NLRW extend sewer service to six (6) residences on Holt Road." Appellant also attached minutes from the North Little Rock Wastewater Treatment Committee's meeting that occurred January 13, 2015, stating that the committee had denied appellant's sewer-extension requests due to a lack of funding. Appellant further attached a letter from the North Little Rock City Attorney's Office dated January 18, 2019, informing him that the wastewater or sewer committee is a legally distinct entity from the City and that the sewer committee had previously taken up and considered his request and denied it.

The City filed its answer on December 21, 2023, generally denying the allegations and asking that the complaint be dismissed. It affirmatively pled that the action was barred by the statute of limitations and the doctrine of res judicata, the City is not a proper party to the action, the action should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6), and the City is immune from liability pursuant to Arkansas Code Annotated section 21-9-301.

A hearing was held on August 30, 2024. At the hearing, appellant admitted that he had requested and scheduled the motion hearing on the court's docket under the misunderstanding that the court would entertain it as a final hearing. The City explained that it was in the process of filing a formal motion to dismiss the complaint. Therefore, the

circuit court explained that a final hearing was premature and adjourned to allow the City to file its motion to dismiss.

The City filed a motion for judgment on the pleadings or, alternatively, motion for summary judgment and incorporated brief on December 13, 2024. In its motion, the City argued that appellant's action was barred under Arkansas Code Annotated section 16-56-111 because appellant did not file his action within five years of the City's denial of his request in 2015; was barred under Arkansas District Court Rule 9 because appellant did not appeal from the administrative decision in 2015 within thirty days as required; was barred by res judicata and collateral estoppel because appellant had previously filed an action in federal court that was dismissed; failed to state a valid claim under the Equal Protection Clause; and was barred because the City retains immunity pursuant to Arkansas Code Annotated section 21-9-301.

In appellant's response, he simply stated that Arkansas District Court Rule 9 and res judicata did not apply. He further stated that the "limitation period(s) has NOT run" and that "PLAINTIFF HAS STATED FACTS UPON WHICH RELIEF CAN BE GRANTED UNDER ARK. R. CIV. 12(b)(6)." Appellant therefore asserted that his complaint should not be dismissed.

On January 15, 2025, the circuit court granted the City's motion. It ruled that "[t]his matter should be and is hereby dismissed with prejudice as the Complaint Form fails to state any cause of action that is not clearly barred by the applicable limitations period." This appeal followed.

## II. *Analysis*

On appeal, appellant makes no cogent or persuasive legal argument or citation to legal authority in support of his argument that the circuit court erred in dismissing his complaint with prejudice. Instead, his entire argument is simply the following sentences:

> The HONORABLE JUDGE TIMOTHY DAVIS FOX had no JUSTI[FI]ABLE REASON for dismissing CASE NO. 60CV-23-8970 with prejudice before hearing CASE NO. 60CV-23-8970 set to be heard on 01/21/2025 for the following reasons:
>
> 1. THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS OKED THE COMPLAIN FORM FOR FILING.
>
> 2. THE HONORABLE JUDGE LATONYA HONORABLE HEARD CASE NO. 60CV-23-8970 ON 08/30/2024. (CBV)
>
> 3. The Court told the Appellant that he would be able to present his presentation to the court on 08/30/2024. THAT HAS NOT OCCURRED AS OF YET. (CBV)
>
> 4. The PAPER TRAIL (CBV) show with a doubt that there is no APPLICABLE LIMITATION PERIOD in CASE NO. 60CV-8970.

It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Thigpen v. City of El Dorado*, 2020 Ark. App. 531. It is also a well-settled principle of appellate law that we will not make a party's argument for him or her. *Thigpen*, *supra*; *see Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150; *Nelson v. Fullerton*, 2023 Ark. App. 311. Moreover, we have held that conclusory assertions and general statements do not rise to the level of developed argument to preserve an issue for appellate review. *See Dye v. Precision Found. Specialties & Flow Rite Drainage Sols., Inc.*, 2025 Ark. App. 183; *Jade Prop. Holdings, LLC v. First Serv. Bank*, 2024 Ark. App. 414, 699 S.W.3d 136. Accordingly, we affirm.

Affirmed.

KLAPPENBACH, C.J., and TUCKER, J., agree.

*James Humphrey*, pro se appellant.

*Owens & Parker Law Fir, P.A.*, by: *Michael A. Mosley*, for appellee.